# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRECO EQUITIES, LLC, | |
| Plaintiff, | |
| -against- | **SUMMONS** |
| LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC, | |
| Defendants. | |

TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to submit to Plaintiff's attorneys your answering papers on this motion within the time provided in the annexed notice of motion.  In case of your failure to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the notice of motion.

Pursuant to CPLR 501, basis for the venue designated as New York County in the State of New York is in accordance with your express consent pursuant to the December 1, 2021 promissory note.

Dated:  September 22, 2022

McCARTER & ENGLISH, LLP
*Counsel for Plaintiff*

s/Adam M. Swanson
_____

By:    Adam M. Swanson, Esq.
       Jessie D. Bonaros, Esq.
       Worldwide Plaza
       825 Eighth Avenue, 31st Floor
       New York, New York 10019
       Tel: 212-609-6800

**TO:**   Lamor Whitehead
         7 Newhall Court
         Willingboro, New Jersey 08046
                and
         1 Sipporta Lane
         Paramus, New Jersey 07652

         Whitehead Estates, LLC
         1809 Albermarle Road, Suite B36
         Brooklyn, New York 11226

1

ME1 42035868v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC,

                              Plaintiff,

      -against-

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

                      Defendants.

**NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT**

**PLEASE TAKE NOTICE** that, upon the Summons dated September 22, 2019, the annexed Affirmation of Adam M. Swanson, Esq., the annexed Affidavit of David Brecher and the exhibits annexed thereto, and the accompanying Memorandum of Law, Plaintiff, Breco Equities, LLC ("Plaintiff"), by its attorneys, McCarter & English, LLP, will move this Court in the Motion Submission Part Courtroom (Room 130) of the New York County Courthouse located at 60 Centre Street, New York, New York 10007, on November 9, 2022, at 9:30 AM, or as soon thereafter as counsel can be heard, for an order pursuant to CPLR 3213 directing the entry of judgment for Plaintiff and against the defendants Lamor Whitehead and Whitehead Estates, LLC (together "Borrowers") in the amount of $283,149.28 plus interest calculated at the contractual default rate of twenty-five percent (25%) running from September 16, 2022, and for such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR § 2214(b), answering papers and cross-motions, if any, are required to be served upon the undersigned at least seven (7) days before the return date of the motion.

ME1 42036748v.1

Case 1:22-cv-08683-NRB   Document 1-1   Filed 10/12/22   Page 4 of 76

Dated:  September 22, 2022

McCARTER & ENGLISH, LLP
*Counsel for Plaintiff*

_____s/Adam M. Swanson_____

By:    Adam M. Swanson, Esq.
      Jessie D. Bonaros, Esq.
      Worldwide Plaza
      825 Eighth Avenue, 31st Floor
      New York, New York 10019
      Tel: 212-609-6800

ME1 42036748v.1

Case 1:22-cv-08683-NRB   Document 1-1   Filed 10/12/22   Page 5 of 76

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC,

Plaintiff,

-against-

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT IN LIEU OF COMPLAINT**

McCARTER & ENGLISH, LLP
Adam M. Swanson, Esq.
Jessie D. Bonaros, Esq.
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, New York 10019
212-609-6800
*Counsel for Plaintiff*

ME1 41951825v.2

Plaintiff, Breco Equities, LLC ("Plaintiff"), respectfully submits this Memorandum of Law in support of its motion (the "Motion") for an order pursuant to CPLR 3213 directing the entry of judgment for Plaintiff and against the defendants, Lamor Whitehead and Whitehead Estates, LLC (together "Borrowers"), in the amount of $283,149.28 plus interest calculated at the contractual default rate of twenty-five percent (25%) running from September 16, 2022, and for such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

This is a proceeding to recover on an unsecured commercial debt. As fully set forth herein, Plaintiff is entitled to judgment because it has established its *prima facie* case through production of the promissory note containing an unconditional promise to pay and proof that Borrowers failed to do so. CPLR 3213 was enacted to provide expedited relief on non-payment so presumptively meritorious as to render a formal complaint superfluous, and the delay in waiting for a defendant to answer before moving for summary judgment unnecessary. That is precisely the situation here. As such, Plaintiff is entitled to judgment against Borrowers.

## STATEMENT OF FACTS

### A. The Loan

On or about December 1, 2021, Borrowers and Plaintiff entered into a loan for the original principal amount of $250,000.00 (the "Loan"), which is evidenced by a certain Promissory Note dated December 1, 2021 (the "Note").[1] Affidavit of David Brecher (the "Brecher Aff.."), Ex. A. The Loan, which Borrowers obtained for commercial purposes, was given in connection with

---

[1] The Note is governed by the law of the State of New York. Ex. A, p. 3. Borrowers irrevocably consented to the jurisdiction of "the courts of the State of New York and of any federal court located in the State in connection with any action or proceeding arising out of or relating to this Note." Id.

1

ME1 41951825v.2

Borrowers' renovations of certain property located at 150-180 Earle Street, Hartford, Connecticut (collectively the "Properties"). Id., ¶ 9.

Pursuant to the Note, Borrowers unconditionally agreed to full repayment of the Loan, plus interest, on or before December 1, 2023 (the "Maturity Date"), with interest accruing at eight percent (8%) per annum.[2] Ex. A, p. 1.  Borrowers also agreed to: (1) use any and all available money from their ownership of the Properties to pay down the accrued interest and principal of the Loan; (2) not make any distributions to an equity holder, including Borrowers, until all obligations under the Loan were paid in full; and (3) promptly provide Plaintiff with operating statements upon request. Id., p. 2, § (c).

The Loan would be in default if an "Event of Default" occurred. Ex. A, pp. 2-3.  The Note defines an "Event of Default" as Borrowers' failure to either: (1) pay on or before the date due, any amount payable under the Note; (2) perform or observe any other term or provision of the Note with respect to payment; or (3) perform or observe any other term or provision of the Note. Id.  In the event of a default, the Loan's interest rate would increase to twenty-five percent (25%) per annum "through the date of satisfaction of the judgment debt in full … ." Id., pp. 1,3  Further, upon Borrower's default Plaintiff may elect to accelerate "all sums due and payable on the Loan without notice or demand." Id., p. 2.

If Borrowers failed to make any payment of interest "on or before the due date of such payment," the Note entitles Plaintiff to collect a one-time late charge equal to ten percent (10%) of such overdue payment. Ex. A, p. 2.  The Note also obligates Borrowers to "pay all costs incurred

---

[2] In the event of a default, interest on the Loan accrues at twenty-five percent (25%) per annum.  See Ex. A, p. 1.

2

ME1 41951825v.2

Case 1:22-cv-08683-NRB  Document 1-1  Filed 10/12/22  Page 8 of 76

and reasonable attorneys' fees for legal services in the collection effort, whether or not suit be brought," if the Loan is referred to an attorney for collection.  Id.

**B.  Borrowers' Default and the Sums Due Under Loan**

By letter dated August 10, 2022, Plaintiff, through its attorneys, sent Borrowers a letter demanding operating statements ("Operating Statements") for the Properties, running from December 1, 2021 through the date of the letter, no later than August 24, 2022.  Brecher Aff., Ex. B; Affirmation of Adam M. Swanson ("Swanson Aff."), ¶ 4.  Borrowers did not provide the Operating Statements.  Id., ¶ 5; Brecher Aff., ¶ 22.  Borrowers failure to provide the Operating Statements constituted an "Event of Default" under the Note.  Ex. A, p. 2, § (c).

On September 2, 2022, Plaintiff, through its attorneys, sent Borrowers a letter advising that the Loan was in default because Borrowers, amongst other things, (1) failed to provide Plaintiff with operating statements upon Plaintiff's request, (2) failed to apply "any and all available cash" in connection with the Properties to pay down the accrued interest and principal of the Loan, and (3) distributed revenue to equity holders prior to fulfilling all obligations of the Loan.  Brecher Aff., Ex. C; Swanson Aff., ¶ 6.  The letter also advised Borrowers that Plaintiff had elected to accelerate the Maturity Date of the Loan and demanded Borrowers' payment of all amounts due under the Note no later than September 16, 2022.  Ex. C.

Borrowers failed to make the required payment.  Brecher Aff., ¶ 25.  As of September 16, 2022, the amount due under the Loan was $265,888.89, inclusive of unpaid interest.  Id., Ex. D.

## ARGUMENT

Plaintiff is entitled to summary judgment under CPLR 3213 because it has established its *prima facie* case for recovery of the amounts due under the Note.

ME1 41951825v.2

Summary judgment should be granted when there is no existing material issue of fact and the undisputed facts establish that a party is entitled to judgment as a matter of law. See Banco Popular N. Am. v. Victory Taxi Mgmt., Inc., 1 N.Y.3d 381, 482 (2004); Bank of Am., N.A. v. Solow, 59 A.D.3d 304, 304-305 (1st Dep't 2009). CPLR 3213 provides, in relevant part, that "[w]hen an action is based upon an instrument for the payment of money only … the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." CPLR 3213. An instrument is considered to be "for the payment of money only" if it contains an unconditional promise to pay a sum certain on demand, on a definite date, or over a stated period of time. See Weissman v. Sinorm Deli, Inc., 88 N.Y.2d 437, 443-444 (1996); see also Sisters of Holy Child Jesus at Old Westbury, Inc. v. Pallotta, 131 A.D.3d 525, 526 (2d Dep't 2015). A promissory note evidences "an unconditional promise" to "pay a sum certain over a stated period." Solanki v Pandya, 269 A.D.2d 189, 189 (1st Dep't 200). Thus, "[a]s instruments for the payment of money only … promissory notes are entitled to the expedited procedure outlined in CPLR 3213." Friends Lbr. v. Cornell Dev. Corp., 243 A.D.2d 886, 887 (3d Dep't 1997).

A party seeking summary judgment under CPLR 3213 establishes a *prima facie* case by producing a genuine instrument for the payment of money only and evidence of default in payment thereunder. SCP (Bermuda) Inc. v. Bermudatel Ltd., 224 A.D.2d 214, 216 (1st Dep't 1996); see Nordea Bank Finland PLC v. Holten, 84 A.D.3d 589, 590 (1st Dep't 2011) (same). Once plaintiff has met its burden, it is incumbent upon defendant to establish, by admissible evidence, that a triable issue of fact exists. Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A.D.2d 136, 137-138 (1st Dep't 1968), aff'd sub nom. 29 N.Y.2d 617 (1971).

4

ME1 41951825v.2

Here, there is no dispute that: (1) defendant Lamor Whitehead executed the Note, an instrument for payment of money only, in his individual capacity and also as an authorized agent for defendant Whitehead Estates, LLC; (2) the Note provides for Borrowers' unconditional payment of the Loan on or before the Maturity Date; or (3) the Note allows Plaintiff to accelerate the Maturity Date upon an "Event of Default." Ex. A, pp. 2, 4, 5. There is also no dispute that Borrowers defaulted on the Note by, amongst other things, failing to provide Plaintiff with Operating Statements. Brecher Aff., ¶ 22; Swanson Aff., ¶ 5; see also Ex. A, pp. 2-3. Plaintiff thereafter accelerated the Loan's Maturity Date but Borrowers failed to deliver payment in full of the amounts due and owing under the Note despite Plaintiff's demand for same. Brecher Aff., ¶¶ 24-25; Ex. C. Thus, Plaintiff has established its *prima facie* case for non-payment under the Note and is entitled to summary judgment pursuant to CPLR 3213.

The following amounts are presently due and owing to Plaintiff on account of Borrowers default under, and Plaintiff's subsequent acceleration of, the Note:

- Unpaid Principal: $250,000.00

- Previously Accruing Interest: $15,888.89

- One-Time Late Fee Equal to 10% of Past Due Interest: $1,588.89

- Reasonable Attorney Fees: $15,671.50.[3]

See Ex. A; Ex. D; Ex. 1. Plaintiff is entitled to collect these amounts plus interest, which began to accrue at twenty-five percent (25%) on September 16, 2022 – the date Borrowers failed to deliver payment in full – through the date upon which Borrowers (eventually) satisfy their debt in full,

---

[3] Plaintiff reserves its right to supplement and increase its demand for costs and reasonable attorneys' fees if its Motion is denied. Swanson Aff., ¶ 9.

5

ME1 41951825v.2

notwithstanding the entry of a judgment. <u>See</u> Ex. A; Brecher Aff., ¶ 27.

For these reasons, the Court should enter a judgment against Borrowers and in favor of Plaintiff for $ $283,149.28 plus the contractual interest that has accrued, and will accrue, between September 16, 2022 and the date upon which the judgment is entered, with interest to thereafter accrue on said judgment amount at twenty-five percent (25%) until Borrowers satisfy their debt to Plaintiff in full.

## <u>CONCLUSION</u>

For all of the above stated reasons, as a matter of law, there are no issues of fact here precluding summary judgment from being granted in favor of Plaintiff, and, accordingly, Plaintiff's Motion should be granted in its entirety.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the Motion in its entirety and award Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  September 23, 2022

McCARTER & ENGLISH, LLP
*Counsel for Plaintiff*

    /s/ Adam M. Swanson
By:    Adam M. Swanson, Esq.
        Jessie D. Bonaros, Esq.
        Timothy W. Salter, Esq.
        MarcAnthony Bonanno, Esq.
        Worldwide Plaza
        825 Eighth Avenue, 31st Floor
        New York, New York 10019
        Tel: 212-609-6800

6

ME1 41951825v.2

## CERTIFICATION PURSUANT TO RULE 202.8-b

I hereby certify that this document complies with the word count limit of Part 202.8-b of the Uniform Civil Rules for the Supreme & County Courts because, excluding the parts of the document that are exempt, this document contains 1,696 words, as determined by the word-count function of the word-processing system used to prepare the document.

s/Adam M. Swanson
Adam M. Swanson

7

ME1 41951825v.2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC,

                                             Plaintiff,

                    -against-

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

                                             Defendants.

**AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF A COMPLAINT**

     **ADAM M. SWANSON**, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

     1.     I am a partner of McCarter & English, LLP, counsel for Plaintiff, Breco Equities, LLC ("Plaintiff") in the above-captioned Action.  As such, I am fully familiar with the facts and circumstances set forth below based on my review of the files maintained by this office in the Action, my review of the relevant public and court records, and correspondence with my client.

     2.     I submit this Affirmation in support of Plaintiff's motion (the "Motion") pursuant to CPLR 3213 for a monetary judgment against Defendants Lamor Whitehead and Whitehead Estates, LLC (together "Borrowers") in the amount of  $283,149.28 plus interest calculated at the contractual default rate of twenty-five percent (25%) running from September 16, 2022, and for such other and further relief as the Court may deem just and proper.

     3.     I respectfully refer the Court to the Affidavit of David Brecher (the "Brecher Aff.") and the accompanying Memorandum of Law for Plaintiff's factual and legal arguments in support.

     4.     Annexed as "Exhibit B" to the Brecher Aff. is a true and correct copy of the Demand for Operating Statements sent to Borrowers by my firm on August 10, 2022.

1

ME1 42036612v.1

5.      Borrowers never provided its Operating Statements.

6.      Annexed as "Exhibit C" to the Brecher Aff.. is a true and correct copy of the Notice of Acceleration sent to Borrowers by my firm on September 2, 2022.

7.      Borrowers' promissory note provides that if "this Note is placed in the hands of an attorney for collection, Borrower shall pay all costs incurred and reasonable attorneys' fees for legal services in the collection efforts, whether or not suit be brought."  Brecher Aff., Ex. A.

8.      As of September 21, 2022, Plaintiff incurred $15,671.50 in reasonable attorneys' fees with regard to its collection of Borrowers' note.  Annexed hereto as "Exhibit 1" are true and correct copies of the undersigned counsel's September 2022 invoice to Plaintiff and a printout evidencing counsel's "Work in Progress" (i.e. incurred but un-invoiced time) as of September 21, 2022, both of which have been redacted to protect attorney-client privilege and prevent disclosure of protected attorney work product.

9.      Plaintiff reserves its right to supplement and increase its demand for costs and reasonable attorneys' fees if its motion for summary judgment in lieu of a complaint is denied.

10.     No prior application for the relief requested herein has been made in this or any other court.

**WHEREFORE**, for the reasons set forth herein and in the accompanying Memorandum of Law, Plaintiff respectfully requests that its Motion be granted in its entirety.

Dated:  September 23, 2022

_____/s/ Adam M. Swanson_____
**ADAM M. SWANSON**

2

ME1 42036612v.1



**McCarter & English**

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel  973.622.4444
Fax 973.624.7070
www.mccarter.com
Tax I.D. # ███████

**Electronic Payment Instructions**
Account Name:  McCarter & English, LLP
Account Number: ███████
Financial Institution:  Wells Fargo Bank, N.A.
ACH ABA: ███████
Wire Transfer ABA: ███████
SWIFT: ███████  (International payments)
Please reference Invoice Number

September 13, 2022
Invoice 8471949

137654    FM HOME LOANS, LLC
00001     WHITEHEAD ESTATES AND LAMAR WHITEHEAD // LOAN ID 112116071
          / 150-180 EARLE STREET, HARTFORD,
          C

FM HOME LOANS, LLC
2329 NOSTRAND AVENUE, 3RD FLOOR
BROOKLYN, NY 07652



Please include this page with your remittance. Thank you.



**McCarter & English, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel  973.622.4444
Fax 973.624.7070
www.mccarter.com
Tax I.D. # ███████

**Electronic Payment  Instructions**
Account Name:  McCarter & English, LLP
Account Number: ███████
Financial Institution:  Wells Fargo Bank, N.A.
ACH ABA: ███████
Wire Transfer ABA: ███████
SWIFT: ███████    (International payments)
Please reference Invoice Number

September 13, 2022
Invoice 8471949

137654   FM HOME LOANS, LLC
00001    WHITEHEAD ESTATES AND LAMAR WHITEHEAD // LOAN ID 112116071
         / 150-180 EARLE STREET, HARTFORD,
         C

FM HOME LOANS, LLC
2329 NOSTRAND AVENUE, 3RD FLOOR
BROOKLYN, NY 07652



Page 2
Invoice 8471949

137654  FM HOME LOANS, LLC
00001    WHITEHEAD ESTATES AND LAMAR WHITEHEAD // LOAN ID 112116071
         / 150-180 EARLE STREET, HARTFORD,
         C

Professional Services Recorded Through 08/31/2022

| DATE | DESCRIPTION | ATTY | HOURS |
|------|-------------|------|-------|
| 08/01/22 | Advice to client regarding ███████. Update client regarding ████████████████. | 05971/AMS | 1.00 |
| 0████ | ████████████████████ ████████████████████ ████████████████ ███████ | ███████ | ██ |
| 08/02/22 | Correspondence regarding ████████. Correspondence concerning ███████. | 05971/AMS | 0.20 |
| █████ | ████████████████████ ███████████████████ ███████████ | ███████ | ██ |
| █████ | ████████████████████ ██████████ | ███████ | ██ |
| █████ | ████████████████████████ ████████████████████ ████████████████████ ███████ | ███████ | ██ |
| █████ | ████████████████████ ████████████████ ███████ | ███████ | ██ |
| █████ | ████████████████████ ██████████ | ███████ | ██ |
| 08/04/22 | Direct strategy regarding ███████. | 05971/AMS | 0.40 |
| 08/04/22 | ████████████████████ ████████████████ analyze email correspondence with client ███████ ███████ | 06342/MAB | 2.60 |

Invoice 8471949

137654    FM HOME LOANS, LLC
00001     WHITEHEAD ESTATES AND LAMAR WHITEHEAD // LOAN ID 112116071
/ 150-180 EARLE STREET, HARTFORD,
C

| DATE | DESCRIPTION | ATTY | HOURS |
|------|-------------|------|-------|
| | ████████████████ Draft letter to Lamor Whitehead regarding demand for financial records pursuant to Breco loan; | | |
| 08/05/22 | Supplement and revise letter to Lamor Whitehead demanding operating statements with respect to Breco Loan. | 06342/MAB | 0.30 |
| 08/09/22 | Cross reference Breco loan to supplement demand for operating statements; supplement and revise demand for operating statements; | 06342/MAB | 0.60 |
| 08/09/22 | Revise and edit draft demand for operating statements regarding Breco Loan. | 05977/JDB | 1.70 |
| 08/10/22 | Finalize and transmit demand letter to Whitehead re: Breco Loan; communications regarding same. | 05971/AMS | 1.00 |
| 08/10/22 | Draft acceleration notice for Breco loan ███████ ████████████ | 06342/MAB | 0.60 |
| 08/10/22 | Review final demand for operating statements and advise on ██████████. | 05977/JDB | 0.30 |
| █████ | ████████████████████████ █████████████████ | ████████ | ████ |
| 08/12/22 | Finalize notice of acceleration; | 06342/MAB | 0.30 |
| 08/16/22 | Prepare to draft motion for summary judgment in lieu of a complaint on Breco Loan by analyzing loan documents, pertinent case law and statutory provisions; commence drafting motion for summary judgment in lieu of a complaint | 06342/MAB | 1.30 |
| █████ | █████████████████████ ██████████████████████ ██████████ | ████████ | ████ |
| █████ | ████████████████████ ██████████ | ████████ | ████ |
| 08/17/22 | Continue drafting motion for summary judgment in lieu of complaint; research ████████████ ██████████████████████ | 06342/MAB | 1.30 |

137654   FM HOME LOANS, LLC
00001    WHITEHEAD ESTATES AND LAMAR WHITEHEAD // LOAN ID 112116071
         / 150-180 EARLE STREET, HARTFORD,
         C

| DATE | DESCRIPTION | ATTY | HOURS |
|------|-------------|------|-------|
| ▉ | ▉▉▉▉▉▉ | ▉ | ▉0 |
| ▉ | ▉▉▉▉▉▉ | ▉ | ▉ |
| 08/23/22 | Supplement and revise Motion for summary judgment; draft summons, affirmation, client affidavit, and notice of motion for summary judgment in lieu of complaint in support of judgment against Defendant for Breco Loan. | 06342/MAB | 3.90 |
| ▉ | ▉▉▉▉ | ▉ | ▉ |
| ▉ | ▉▉▉▉ | ▉ | ▉ |
| ▉ | ▉▉▉ | ▉ | ▉ |
| ▉ | ▉▉▉▉ | ▉ | ▉ |
| ▉ | ▉▉▉ | ▉ | ▉ |
| ▉ | ▉▉▉▉ | ▉ | ▉ |

137654  FM HOME LOANS, LLC
00001   WHITEHEAD ESTATES AND LAMAR WHITEHEAD // LOAN ID 112116071
        / 150-180 EARLE STREET, HARTFORD,
        C



| DATE | DESCRIPTION | ATTY | HOURS |
|------|-------------|------|-------|

|  | HOURS | RATE | VALUE |
|--|-------|------|-------|
| 05971 Adam M. Swanson | PARTNER | 9.20 | 725.00 | 6,670.00 |
| 06342 MarcAnthony Bonanno | ASSOCIATE | 17.80 | 435.00 | 7,743.00 |
| 05977 Jessie D. Bonaros | ASSOCIATE | 2.00 | 505.00 | 1,010.00 |

FILED: NEW YORK COUNTY CLERK 09/23/2022 08:26 AM
NYSCEF DOC. NO. 5
Case 1:22-cv-08683-NRB Document 1-1 Filed 10/12/22 Page 21 of 76
INDEX NO. 653499/2022
RECEIVED NYSCEF: 09/23/2022
Page 6

Invoice 8471949

137654   FM HOME LOANS, LLC
00001   WHITEHEAD ESTATES AND LAMAR WHITEHEAD // LOAN ID 112116071
/ 150-180 EARLE STREET, HARTFORD,
C

| DATE | DISBURSEMENTS | VALUE |
|------|---------------|-------|
| ███ | ██████ | ██ |
| ███ | ██████ | ██ |
| | ████████ | ██ |
| ████ | █████ | ██ |
| | ██████ | ██ |
| ████ | ██████████ | |
| ████ | ████████ | ████ |
| ████ | ████████ | ████ |
| ████ | ███████ | ████ |
| | ██████████ | ████ |
| ████ | ████████████ | ███ |
| | █████████████ | |
| | ████ | |
| ████ | ████████████ | ███ |
| ████ | ██████████ | ████ |
| ████ | █████████████ | ████ |
| ████ | ██████████████ | ████ |
| | ████████ | ████ |
| 07/25/2022 | FEDERAL EXPRESS Delivery to: Attn  Lamor M. Whitehead Whitehead Estates, LLC | 41.41 |
| 08/10/2022 | FEDERAL EXPRESS Delivery to: Attn  Lamor Whitehead Whitehead Estates, LLC | 21.82 |
| 08/10/2022 | FEDERAL EXPRESS Delivery to: Mr Lamor Whitehead | 21.82 |
| 08/10/2022 | FEDERAL EXPRESS Delivery to: Mr. Lamor Whitehead | 21.82 |
| 08/18/2022 | FEDERAL EXPRESS Delivery to: Marshal Charles Lilley | 22.28 |
| | **Total For: FEDERAL EXPRESS** | **129.15** |



| 9/2/2022 | 997 M&E Firm Firm | 145 | 1 | 21.7 | 21.7 FEDERAL EXPRESS | 13281441 |
|---|---|---|---|---|---|---|
| | | | | | Delivery to: Mr. Lamor Whitehead | |
| | | | | | INFORMATION NOT SUPPLIED | |
| | | | | | Tracking #: 777838035787 | |
| | Voucher=1059698 Paid | | | | Vendor=FEDERAL EXPRESS  Balance= .00  Amount= 134.91 | |
| | | | | | Check #579431  09/13/2022 | |
| 9/2/2022 | 997 M&E Firm Firm | 145 | 1 | 21.7 | 21.7 FEDERAL EXPRESS | 13281442 |
| | | | | | Delivery to: Mr Lamor Whitehead | |
| | | | | | INFORMATION NOT SUPPLIED | |
| | | | | | Tracking #: 777838078562 | |
| | Voucher=1059698 Paid | | | | Vendor=FEDERAL EXPRESS  Balance= .00  Amount= 134.91 | |
| | | | | | Check #579431  09/13/2022 | |
| 9/2/2022 | 997 M&E Firm Firm | 145 | 1 | 16.95 | 16.95 FEDERAL EXPRESS | 13281443 |
| | | | | | Delivery to: Adam Tuttle, Esq. | |
| | | | | | INFORMATION NOT SUPPLIED | |
| | | | | | Tracking #: 777838141226 | |
| | Voucher=1059698 Paid | | | | Vendor=FEDERAL EXPRESS  Balance= .00  Amount= 134.91 | |
| | | | | | Check #579431  09/13/2022 | |

| Date | Initials | Name | Hours | Amount | Description | Matter Number |
|------|----------|------|-------|--------|-------------|---------------|
| ███ | ███ | ███ | █ | | ████ | 137654-00001 |
| | | | | | ████ | 137654-00001 |
| ███ | ███ | | █ | █ | | 137654-00001 |
| 9/2/2022 | 5971 | Adam M. Swanson | 0.2 | 145 | Assessment of ███ | 137654-00001 |
| 9/2/2022 | 5971 | Adam M. Swanson | 0.4 | 290 | Review and revise notice letter to Lamor Whitehead re: Breco Loan. | 137654-00001 |
| 9/2/2022 | 6273 | Timothy W. Salter | 0.8 | 320 | Initial review of draft pleadings, correspondence & relevant documents ███ | 137654-00001 |
| 9/2/2022 | 6273 | Timothy W. Salter | 0.6 | 240 | Review & revise draft client affidavit in support of MSJ in lieu. | 137654-00001 |
| 9/2/2022 | 6273 | Timothy W. Salter | 0.2 | 80 | Email correspondence with E. Bobker re: ███ | 137654-00001 |
| 9/2/2022 | 6273 | Timothy W. Salter | 0.4 | 160 | Review and revise draft notice of acceleration. | 137654-00001 |
| 9/2/2022 | 6273 | Timothy W. Salter | 0.2 | 80 | Review and revise draft attorney affirmation in support. | 137654-00001 |
| 9/2/2022 | 6342 | MarcAnthony Bonanno | 0.5 | 217.5 | Analyze strategy ███ | 137654-00001 |
| 9/6/2022 | 6273 | Timothy W. Salter | 0.2 | 80 | Email correspondence with E. Bobker re: ███ | 137654-00001 |
| 9/6/2022 | 6273 | Timothy W. Salter | 0.1 | 40 | Review notifications from FedEx re: confirmation of delivery. | 137654-00001 |
| ███ | ███ | | █ | | ████ | ███ |
| 9/12/2022 | 6273 | Timothy W. Salter | 0.1 | 40 | Review & assess litigation strategy re: ███ | 137654-00001 |
| ███ | ███ | | █ | █ | ████ | |
| 9/14/2022 | 6273 | Timothy W. Salter | 0.2 | 80 | Email correspondence with E. Bobker re: ███ | 137654-00001 |
| 9/15/2022 | 6273 | Timothy W. Salter | 0.1 | 40 | Review strategy re ███ | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 0.3 | 120 | Revise notice of motion. | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 0.1 | 40 | Review and revise Attorney Affirmation. | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 1.2 | 480 | Review and revise 1st draft memo of law in support. | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 0.3 | 120 | Analyze & assess issues re: ███ | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 0.3 | 120 | Analyze statutes & authorities re: ███ | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 1.2 | 480 | Continuing revisions to 1st draft of MSJ memo of law. | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 1.4 | 560 | Continue revising 1st draft of memo of law. | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 0.6 | 240 | Email correspondence with E. Bobker re: ███ | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 0.2 | 80 | Review loan file re: ███; Email correspondence with E. Bobker re: ███ | 137654-00001 |
| 9/19/2022 | 6273 | Timothy W. Salter | 1.4 | 560 | Revisions to client affidavit & support documents. | 137654-00001 |
| 9/20/2022 | 6273 | Timothy W. Salter | 0.1 | 40 | PACER bankruptcy search for defendants. | 137654-00001 |
| 9/20/2022 | 6273 | Timothy W. Salter | 0.4 | 160 | Add new paragraphs to draft memo of law re: recovery of additional amounts. | 137654-00001 |
| 9/20/2022 | 6273 | Timothy W. Salter | 0.2 | 80 | Review & revise draft summons. | 137654-00001 |

| 9/20/2022 | 6273 | Timothy W. Salter | 0.5 | 200 | Further revisions to draft client affidavit. | 137654-00001 |
| 9/20/2022 | 6273 | Timothy W. Salter | 0.6 | 240 | Revise 2nd draft of memo of law. | 137654-00001 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC,

                                        Plaintiff,

            -against-

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

                                        Defendants.

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF QUEENS     )

David Brecher, being duly sworn deposes and says:

1.      I am the Managing Member of Plaintiff BRECO EQUITIES, LLC ("BRECO" or "Lender").  BRECO is a Delaware limited liability company having an address at c/o FM Capital, LLC, 4100 Hollywood Boulevard, Hollywood, Florida 33021.

2.      I am over the age of 18, and I am authorized and qualified to testify as to the matters contained in this Affidavit.

3.      I make this Affidavit based on my review of BRECO's business records and electronic information systems and based on my personal knowledge of the facts set forth herein.

**BASIS OF KNOWLEDGE**

4.      As Managing Member of BRECO I am a custodian of records and have access to BRECO's business records, which include electronic records relating to loans made by BRECO and, specifically, the business records relating to loan described herein and which is the subject of this action.

-1-

ME1 42034606v.1

Case 1:22-cv-08683-NRB   Document 1-1   Filed 10/12/22   Page 26 of 76

5.      It is the regular course of business of BRECO to make and maintain business records relating to loans made by BRECO.  The business records for the subject loan, which I have reviewed and upon which I rely in making this Affidavit, were made and maintained by BRECO in the course of its regularly conducted business activities.  The entries in the business records for the subject loan were made at or near the time of the transaction reflected therein either by a BRECO employee with personal knowledge or from information transmitted by a BRECO employee with personal knowledge.  I make this Affidavit: (i) based upon my personal knowledge of the facts set forth below; and (ii) based upon my review of the business records relating to the subject loan and from my own personal knowledge of how they are kept and maintained.

6.      Many of BRECO's business records relating to the subject loan include electronic business records.  These documents are stored in electronic formats such as Portable Document Format, Tagged Image File Format, Microsoft Word, Microsoft Excel and other electronic formats utilized by licenses from software companies.  These electronic business records are housed on servers under the exclusive custody and control of BRECO.  Any such electronic records are only accessible to certain users and certain employees of BRECO, by using unique user credentials to access the server.  Documents annexed to my Affidavit which are stored in electronic format were verified by me to be a true and accurate representation of the electronic document maintained by BRECO and housed on its server.

**THE LOAN**

7.      Defendants Lamor Whitehead and Whitehead Estates, LLC (together the "Borrowers") are the borrowers under the commercial loan that is the subject of this Action.

-2-

8.      On or about December 1, 2021, Borrowers and BRECO entered into a loan for the original principal amount of $250,000.00 (the "Loan"), which is evidenced by a certain Promissory Note dated December 1, 2021 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A.

9.      Although the Loan is not secured by a mortgage of real property, it was given in connection with Borrowers' renovations of certain property located at 150-180 Earle Street, Hartford, Connecticut (collectively the "Properties"). The Loan was, therefore given for commercial purposes.

10.     Borrowers agreed to full repayment of the Loan, plus interest, on or before the maturity date, or sooner if the maturity of the Loan was accelerated as allowed by the Note. The stated maturity date was December 1, 2023, unless accelerated ("Maturity Date"). (Ex. A, p. 1). As explained below, after an "Event of Default" the Maturity Date of the Loan was accelerated and the Loan became due in full on September 16, 2019.

11.     The Note was executed by Lamor Whitehead as an individual and as an authorized agent for Whitehead Estates, LLC.

12.     The Note provides for an interest rate of eight percent (8%) per annum. (Ex. A, p. 1). The "Default Rate" of interest is twenty-five percent (25%) per annum. (Ex. A, p. 1).

13.      Borrowers agreed to use any and all available money from the their ownership of the Properties to pay down the accrued interest and principal of the Loan. (Ex. A, p. 2, § (c)).

14.     Borrowers also agreed to not make any distributions to any equity holder, including themselves, until all obligations under the Loan were paid in full. (Ex. A, p. 2, § (c)).

15.     Borrowers agreed to promptly provide the Lender with operating statements upon request. (Ex. A, p. 2, § (c)).

-3-

16.     The Note defined an "Event of Default" as the Borrowers' failure to: (1) pay on or before the date due, any amount payable under the Note; (2) perform or observe any other term or provision of the Note with respect to payment; and/or (3) perform or observe any other term or provision of the Note. (Ex. A, p. 2).

17.     In the Event of a Default, the default interest rate of twenty-five percent (25%) per annum would come into effect. (Ex. A, p. 1).

18.     In the Event of a Default, all sums due and payable under the Loan may be accelerated without notice or demand by the Lender. (Ex. A, p. 2).

19.     The Note provides for "a late charge equal to the less of ten percent (10%) of such overdue payment or the maximum amount permitted by law ...." (Ex. A, p. 2).

20.     The Note also provides that the Borrowers "shall pay all costs incurred and reasonable attorneys' fees for legal services in the collection effort, whether or not suit be brought," if the Loan was referred to an attorney for collections. (Ex. A, p. 2).

## BORROWERS' DEFAULT & THE SUMS DUE UNDER LOAN

21.     By letter dated August 10, 2022, BRECO, through its counsel, demanded the Borrowers' operating statements for the Properties from December 1, 2021 to the date of the letter (the "Operating Statements"). A true and correct copy of the Demand for Operating Statements is attached hereto as Exhibit B.

22.     Borrowers defaulted under the terms of the Loan by, *inter alia*, failing to produce the Operating Statements.

23.     While not required under the Note, by letter dated September 2, 2022, BRECO advised Borrowers the Loan was in default for, among other reasons, (1) Borrowers' failure to timely provide Lender with Operating Statements as requested in its August 10, 2022 letter; (2)

-4-

Borrowers' failure to apply "any and all available cash" in connection with their ownership of the Properties to pay down the accrued interest and principal of the Loan; and (3) Borrowers' distribution of revenues to equity holders prior to fulfilling all obligations of the Loan. A true and correct copy of the Notice of Acceleration is attached hereto as Exhibit C.

24.     BRECO also elected to accelerate the maturity of the Loan and demanded that Borrowers pay all amounts due under the Note on or before September 16, 2022. (Ex. C, p. 1).

25.     Borrowers failed to make the required payment on or before September 16, 2022.

26.     As of September 16, 2022, the amount due under the Loan was $265,888.89, inclusive of unpaid interest. A true and correct copy of a payoff statement is attached hereto as Exhibit D.

27.     Pursuant to the terms of the Note, BRECO is entitled to collect a one-time late fee equal to ten-percent (10%) of the interest payment Borrowers failed to deliver on September 16, 2022. (Ex. A). BRECO is also entitled to collect interest at the default rate of twenty-five percent (25%) per annum from the date upon which Borrowers failed to deliver payment in full through the date upon which Borrowers (eventually) satisfy their debt in full, notwithstanding the entry of a judgment. (Ex. A). Finally, BRECO is entitled to recover all of its costs and its reasonable attorneys' fees. (Ex. A).

**[SIGNATURE APPEARS ON THE FOLLOWING PAGE]**

-5-

Dated: September 21 , 2022

BRECO EQUITIES, LLC,

Name: David Brecher
Title: Managing Member

STATE OF NEW YORK  )
                   Queens  ) ss:
COUNTY OF ~~KINGS~~   )

Subscribed and sworn to (or affirmed) before me on the 21ˢᵗ day of September 2022, by **David Brecher,** proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary Public

STEVEN BAKST
NOTARY PUBLIC, State of New York
No. 01BA6088660
Qualified in Queens County
My Commission Expires March 10, 2023

-6-

# EXHIBIT A

## PROMISSORY NOTE

$250,000.00                                              December 1, 2021

FOR VALUE RECEIVED, the undersigned, Lamor Whitehead, an individual residing at **Lamor Whitehead**, an individual residing at 7 Newhall Court, Willinboro NY 08046 and **Whitehead Estates, LLC,** a limited liability company with an address at 1809 Albemarle Road, Brooklyn NY 11226 (each individually and collectively, the "Borrower" as applicable), jointly and severally, promises to pay to the order of **Breco Equities, LLC,** a Delware limited liability company, having an address at c/o FM Capital, LLC, 4100 Hollywood Blvd, Hollywood FL 33021 ("Lender"), the principal sum of Two Hundred and Fifty Thousand 00/100 ($250,000.00) DOLLARS, or so much thereof as may be advanced by Lender to Borrower from time to time (the "Principal Amount"), together with interest on the unpaid Principal Amount thereof computed from the date advanced (the "Commencement Date"), at the rates provided herein, until December 1, 2023 as may be extended by Lender in its sole discretion, (the "Maturity Date"); provided, however, that from and after (i) the Maturity Date or (ii) the date on which the interest rate hereunder is increased to the Default Rate (as hereinafter defined) as provided herein, such additional interest shall be computed at the Default Rate.

As used herein, the term "Default Rate" shall mean a rate of interest of twenty-five percent (25.0%) per annum, but in no event shall the Default Rate be in excess of the Maximum Rate (as hereinafter defined).

If any payment of interest is not paid on or before the due date for such payment, a late charge equal to the lesser of ten percent (10%) of such overdue payment or the maximum amount permitted by applicable law shall automatically become due to the holder of this promissory note (as may be amended, restated or modified from time to time, the "Note"), subject, however, to the limitation that late charges may be assessed only once on each overdue payment. Said late charges do not constitute interest and shall constitute compensation to the holder of this Note for collection and administration costs incurred hereunder. In addition, if any payment of interest together with said late charge is not paid on or before the date that is fifteen (15) days after the due date for such payment, or if the Principal Amount is not paid on or before the Maturity Date, the rate of interest per annum on all amounts outstanding shall increase to the Default Rate and such rate increase shall be effective retroactively as of the date from which the interest component of such overdue payment began to accrue and shall remain in force and effect for so long as such default shall continue. This paragraph shall not be construed as an agreement or privilege to extend the due date of any payment, nor as a waiver of any other right or remedy accruing to the holder of this Note by reason of any default.

Principal and interest hereunder shall be payable as follows:

(a)    Interest only at the rate per annum equal to eight (8%) percent on the Principal Amount outstanding hereof shall accrue from the Commencement Date through and including the Maturity Date.

(b)    All principal, interest and other sums due hereunder shall be due and payable in full on the Maturity Date.

(c)     **Until all obligations hereunder are paid in full, Borrower agrees to use any and all available cash from its ownership in the properties located at 150-180 Earle Street, Hartford CT to pay down accrued interest and principal.  Borrower agrees that it will not make any distributions to equity holders until all obligations hereunder are paid in full. Borrower agrees to provide Lender with operating statements promptly upon request.**

Each payment hereunder shall be credited first to Lender's collection expenses, next to late charges, next to unpaid interest, and the balance, if any, to the reduction of the Principal Amount. The interest on this Note shall be calculated on the basis of actual days/360.

This Note may be prepaid in whole or in part at any time.

Except as expressly provided herein, Borrower shall not be entitled, by virtue of any prepayment or otherwise, to a refund of interest, any other fees, points, charges and the like paid by Borrower to Lender in connection with the loan hereunder (the "Loan") and for fees and expenses incurred by Lender in making the Loan, all of which payments shall be retained by Lender from and after the date each such payment is made hereunder.

Borrower and each surety, endorser and guarantor hereof hereby waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, demand for payment, protest, notice of protest and notice of dishonor, to the extent permitted by law.  Borrower further waives trial by jury.  No extension of time for payment of this Note or any installment hereof, no alteration, amendment or waiver of any provision of this Note and no release or substitution of any collateral securing Borrower's obligations hereunder shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower under this Note.

Any forbearance by the holder of this Note in exercising any right or remedy hereunder or under any other agreement or instrument in connection with the Loan or otherwise afforded by applicable law, shall not be a waiver or preclude the exercise of any right or remedy by the holder of this Note.  The acceptance by the holder of this Note of payment of any sum payable hereunder after the due date of such payment shall not be a waiver of the right of the holder of this Note to require prompt payment when due of all other sums payable hereunder or to declare a default for failure to make prompt payment.

If this Note is placed in the hands of an attorney for collection, Borrower shall pay all costs incurred and reasonable attorneys' fees for legal services in the collection effort, whether or not suit be brought.

At the election of the holder of this Note, all payments due hereunder may be accelerated, and this Note shall become immediately due and payable without notice or demand, upon the occurrence of any of the following events (each an "Event of Default"): (1) Borrower fails to pay on or before the date due, any amount payable hereunder; (2) Borrower fails to perform or observe any other term or provision of this Note with respect to payment; (3) Borrower fails to perform or observe any other term or provision of this Note.  In addition to the rights and remedies provided herein, the holder of this Note may exercise any other right or remedy in any other document, instrument or agreement evidencing, securing or otherwise relating to the indebtedness evidenced

hereby in accordance with the terms thereof, or under applicable law, all of which rights and remedies shall be cumulative.

If this Note is transferred in any manner, the right, option or other provisions herein shall apply with equal effect in favor of any subsequent holder hereof.

Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Borrower under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Borrower stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Borrower and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Borrower.

By its acceptance of Lender's funds and execution of this Note, Borrower acknowledges, agrees and confirms that it has no defense, offset or counterclaim for any occurrence in relation to this Loan.

All payments of principal and interest hereunder are payable in lawful money of the United States of America and shall be made by wire transfer to the account of Lender pursuant to wiring instructions to be provided to Borrower at Closing or to such other accounts as may be instructed by Lender.

In the event that an action to enforce this Note results in the entry of a judgment against the Borrower, interest on the judgment shall continue to accrue at the Default Rate through the date of satisfaction of the judgment debt in full, and not at the statutory post-judgment rate of interest. Borrower waives any right and/or claim to have the post-judgment interest accrue at the statutory rate.

This Note shall be binding on the parties hereto and their respective heirs, legal representatives, executors, successors and assigns.

This Note shall be construed without any regard to any presumption or rule requiring construction against the party causing such instrument or any portion thereof to be drafted.

This Note shall be governed by the laws of the State of New York without regard to choice of law consideration. Borrower hereby irrevocably consents to the jurisdiction of the courts of the State of New York and of any federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note may not be changed or terminated orally.

A determination that any portion of this Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and any determination that the application of any provision of this Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision to the extent legally permissible and otherwise as it may apply to other persons or circumstances.

Notwithstanding anything contained herein to the contrary, if there is more than one Borrower, each Borrower shall be jointly and severally liable for a breach of any and all covenants, representations, warranties, obligations and liabilities under this Note.

**JURY TRIAL WAIVER. BORROWER AGREES THAT ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT BY BORROWER OR THE HOLDER OF THIS NOTE ON OR WITH RESPECT TO THIS NOTE OR THE DEALINGS OF THE PARTIES WITH RESPECT HERETO OR THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. BORROWER AND LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION OR PROCEEDING. BORROWER ACKNOWLEDGES AND AGREES THAT AS OF THE DATE HEREOF THERE ARE NO DEFENSES OR OFFSETS TO ANY AMOUNTS DUE IN CONNECTION WITH THE LOAN. FURTHER, BORROWER WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER, IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL OR OTHER DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. BORROWER ACKNOWLEDGES AND AGREES THAT THIS PARAGRAPH IS A SPECIFIC AND MATERIAL ASPECT OF THIS NOTE AND THAT LENDER WOULD NOT EXTEND CREDIT TO BORROWER IF THE WAIVERS SET FORTH IN THIS PARAGRAPH WERE NOT A PART OF THIS NOTE.**

[Remainder of this page intentionally left blank.]

IN WITNESS WHEREOF, the undersigned has executed this Note on the date set forth above.

**BORROWER:**

By: _____

Name: Lamor Whitehead

**Whitehead Estates, LLC**

By: _____

Name: Lamor Whitehead

Title: Authorized Signatory

STATE OF New Jersey )
 ) ss.:
COUNTY OF Berg~ )

On the 9th day of Deum~ in the year 2021 before me, the undersigned, a Notary Public in and for said State, personally appeared **Lamor Whitehead**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Adam S. Tuttle, Esq.
310 Cedar Lane, Suite 3D
Teaneck, NJ 07666

# EXHIBIT B



**Adam M. Swanson**
Partner

T. 203-399-5928
F. 203-399-5810

aswanson@mccarter.com

McCarter & English, LLP

Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019

www.mccarter.com

August 10, 2022

**BY: FedEx Priority Overnight Mail and E-mail**

Whitehead Estates, LLC
Attn: Lamor Whitehead
1809 Albermarle Road, Suite B36
Brooklyn, New York 11226

Mr. Lamor Whitehead a/k/a Lamar Whitehead
1 Sipporta Lane
Paramus, New Jersey 07652
whiteheadlamor@gmail.com

Mr. Lamor Whitehead a/k/a Lamar Whitehead
7 Newhall Court
Willingboro, New Jersey 08046
whiteheadlamor@gmail.com

**Re:**  Breco Equities, LLC ("Lender") Loan to Lamor Whitehead and Whitehead Estates, LLC (collectively, the "Borrowers"), in the original principal amount of $250,000.00 ("Loan")

## DEMAND FOR OPERATING STATEMENTS

Dear Mr. Whitehead and Whitehead Estates, LLC:

We represent Lender in connection with the above referenced Loan, which is evidenced by a certain Promissory Note dated December 1, 2021 ("Note"). A copy of the Note is enclosed. The Lender remains the present owner and holder of the Note and is entitled to enforce the same.

Pursuant to Section (c) of the Note, Lender hereby demands copies of the operating statements for the properties located at 150-180 Earle Street, Hartford CT, from December 1, 2021 to present (the "Operating Statements"). Operating statements should be by month, with detailed line items for income, expenses, and distributions. **The Operating Statements must be received by August 24, 2022 at McCarter & English, LLP, Worldwide Plaza, 825 Eighth Avenue, 31st Floor, New York, New York 10019, Attention: Adam M. Swanson**.

Failure to provide the Operative Statements on or before August 24, 2022 will constitute a default under the Note and may result in acceleration of the entire outstanding amount of the Loan, without further notice or demand.

August 10, 2022
Page 2

Lender reserves all of its rights and remedies.  If Borrowers have retained counsel in connection with this demand, please have your attorney contact me.

Very truly yours,

Adam M. Swanson

CC: Adam Tuttle, Esq. (via email and first class mail, 310 Cedar Ln Suite 3D, Teaneck, NJ 07666, adam.tuttle.esq@gmail.com)

ME1 41860618v.2

## PROMISSORY NOTE

$250,000.00                                                  December 1, 2021

FOR VALUE RECEIVED, the undersigned, Lamor Whitehead, an individual residing at **Lamor Whitehead**, an individual residing at 7 Newhall Court, Willinboro NY 08046 and **Whitehead Estates, LLC,** a limited liability company with an address at 1809 Albemarle Road, Brooklyn NY 11226 (each individually and collectively, the "Borrower" as applicable), jointly and severally, promises to pay to the order of **Breco Equities, LLC,** a Delware limited liability company, having an address at c/o FM Capital, LLC, 4100 Hollywood Blvd, Hollywood FL 33021 ("Lender"), the principal sum of Two Hundred and Fifty Thousand 00/100 ($250,000.00) DOLLARS, or so much thereof as may be advanced by Lender to Borrower from time to time (the "Principal Amount"), together with interest on the unpaid Principal Amount thereof computed from the date advanced (the "Commencement Date"), at the rates provided herein, until December 1, 2023 as may be extended by Lender in its sole discretion, (the "Maturity Date"); provided, however, that from and after (i) the Maturity Date or (ii) the date on which the interest rate hereunder is increased to the Default Rate (as hereinafter defined) as provided herein, such additional interest shall be computed at the Default Rate.

As used herein, the term "Default Rate" shall mean a rate of interest of twenty-five percent (25.0%) per annum, but in no event shall the Default Rate be in excess of the Maximum Rate (as hereinafter defined).

If any payment of interest is not paid on or before the due date for such payment, a late charge equal to the lesser of ten percent (10%) of such overdue payment or the maximum amount permitted by applicable law shall automatically become due to the holder of this promissory note (as may be amended, restated or modified from time to time, the "Note"), subject, however, to the limitation that late charges may be assessed only once on each overdue payment. Said late charges do not constitute interest and shall constitute compensation to the holder of this Note for collection and administration costs incurred hereunder. In addition, if any payment of interest together with said late charge is not paid on or before the date that is fifteen (15) days after the due date for such payment, or if the Principal Amount is not paid on or before the Maturity Date, the rate of interest per annum on all amounts outstanding shall increase to the Default Rate and such rate increase shall be effective retroactively as of the date from which the interest component of such overdue payment began to accrue and shall remain in force and effect for so long as such default shall continue. This paragraph shall not be construed as an agreement or privilege to extend the due date of any payment, nor as a waiver of any other right or remedy accruing to the holder of this Note by reason of any default.

Principal and interest hereunder shall be payable as follows:

(a)      Interest only at the rate per annum equal to eight (8%) percent on the Principal Amount outstanding hereof shall accrue from the Commencement Date through and including the Maturity Date.

(b)      All principal, interest and other sums due hereunder shall be due and payable in full on the Maturity Date.

(c)     Until all obligations hereunder are paid in full, Borrower agrees to use any and all available cash from its ownership in the properties located at 150-180 Earle Street, Hartford CT to pay down accrued interest and principal. Borrower agrees that it will not make any distributions to equity holders until all obligations hereunder are paid in full. Borrower agrees to provide Lender with operating statements promptly upon request.

Each payment hereunder shall be credited first to Lender's collection expenses, next to late charges, next to unpaid interest, and the balance, if any, to the reduction of the Principal Amount. The interest on this Note shall be calculated on the basis of actual days/360.

This Note may be prepaid in whole or in part at any time.

Except as expressly provided herein, Borrower shall not be entitled, by virtue of any prepayment or otherwise, to a refund of interest, any other fees, points, charges and the like paid by Borrower to Lender in connection with the loan hereunder (the "Loan") and for fees and expenses incurred by Lender in making the Loan, all of which payments shall be retained by Lender from and after the date each such payment is made hereunder.

Borrower and each surety, endorser and guarantor hereof hereby waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, demand for payment, protest, notice of protest and notice of dishonor, to the extent permitted by law. Borrower further waives trial by jury. No extension of time for payment of this Note or any installment hereof, no alteration, amendment or waiver of any provision of this Note and no release or substitution of any collateral securing Borrower's obligations hereunder shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower under this Note.

Any forbearance by the holder of this Note in exercising any right or remedy hereunder or under any other agreement or instrument in connection with the Loan or otherwise afforded by applicable law, shall not be a waiver or preclude the exercise of any right or remedy by the holder of this Note. The acceptance by the holder of this Note of payment of any sum payable hereunder after the due date of such payment shall not be a waiver of the right of the holder of this Note to require prompt payment when due of all other sums payable hereunder or to declare a default for failure to make prompt payment.

If this Note is placed in the hands of an attorney for collection, Borrower shall pay all costs incurred and reasonable attorneys' fees for legal services in the collection effort, whether or not suit be brought.

At the election of the holder of this Note, all payments due hereunder may be accelerated, and this Note shall become immediately due and payable without notice or demand, upon the occurrence of any of the following events (each an "Event of Default"): (1) Borrower fails to pay on or before the date due, any amount payable hereunder; (2) Borrower fails to perform or observe any other term or provision of this Note with respect to payment; (3) Borrower fails to perform or observe any other term or provision of this Note. In addition to the rights and remedies provided herein, the holder of this Note may exercise any other right or remedy in any other document, instrument or agreement evidencing, securing or otherwise relating to the indebtedness evidenced

Case 1:22-cv-08683-NRB   Document 1-1   Filed 10/12/22   Page 42 of 76

hereby in accordance with the terms thereof, or under applicable law, all of which rights and remedies shall be cumulative.

If this Note is transferred in any manner, the right, option or other provisions herein shall apply with equal effect in favor of any subsequent holder hereof.

Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Borrower under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Borrower stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Borrower and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Borrower.

By its acceptance of Lender's funds and execution of this Note, Borrower acknowledges, agrees and confirms that it has no defense, offset or counterclaim for any occurrence in relation to this Loan.

All payments of principal and interest hereunder are payable in lawful money of the United States of America and shall be made by wire transfer to the account of Lender pursuant to wiring instructions to be provided to Borrower at Closing or to such other accounts as may be instructed by Lender.

In the event that an action to enforce this Note results in the entry of a judgment against the Borrower, interest on the judgment shall continue to accrue at the Default Rate through the date of satisfaction of the judgment debt in full, and not at the statutory post-judgment rate of interest. Borrower waives any right and/or claim to have the post-judgment interest accrue at the statutory rate.

This Note shall be binding on the parties hereto and their respective heirs, legal representatives, executors, successors and assigns.

This Note shall be construed without any regard to any presumption or rule requiring construction against the party causing such instrument or any portion thereof to be drafted.

This Note shall be governed by the laws of the State of New York without regard to choice of law consideration. Borrower hereby irrevocably consents to the jurisdiction of the courts of the State of New York and of any federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note may not be changed or terminated orally.

A determination that any portion of this Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and any determination that the application of any provision of this Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision to the extent legally permissible and otherwise as it may apply to other persons or circumstances.

Notwithstanding anything contained herein to the contrary, if there is more than one Borrower, each Borrower shall be jointly and severally liable for a breach of any and all covenants, representations, warranties, obligations and liabilities under this Note.

**JURY TRIAL WAIVER. BORROWER AGREES THAT ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT BY BORROWER OR THE HOLDER OF THIS NOTE ON OR WITH RESPECT TO THIS NOTE OR THE DEALINGS OF THE PARTIES WITH RESPECT HERETO OR THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. BORROWER AND LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION OR PROCEEDING. BORROWER ACKNOWLEDGES AND AGREES THAT AS OF THE DATE HEREOF THERE ARE NO DEFENSES OR OFFSETS TO ANY AMOUNTS DUE IN CONNECTION WITH THE LOAN. FURTHER, BORROWER WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER, IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL OR OTHER DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. BORROWER ACKNOWLEDGES AND AGREES THAT THIS PARAGRAPH IS A SPECIFIC AND MATERIAL ASPECT OF THIS NOTE AND THAT LENDER WOULD NOT EXTEND CREDIT TO BORROWER IF THE WAIVERS SET FORTH IN THIS PARAGRAPH WERE NOT A PART OF THIS NOTE.**

[Remainder of this page intentionally left blank.]

IN WITNESS WHEREOF, the undersigned has executed this Note on the date set forth above.

**BORROWER**:

By:
Name: Lamor Whitehead

**Whitehead Estates, LLC**

By:
Name: Lamor Whitehead
Title: Authorized Signatory

STATE OF New Jersey )
                         ) ss.:
COUNTY OF Bergen )

On the 9th day of December in the year 2021 before me, the undersigned, a Notary Public in and for said State, personally appeared **Lamor Whitehead**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Adam S. Tuttle, Esq.
310 Cedar Lane, Suite 3D
Teaneck, NJ 07666

# McCarter & English

| | **Adam M. Swanson** | McCarter & English, LLP |
|---|---|---|
| | Partner | Worldwide Plaza |
| | T. 203-399-5928 | 825 Eighth Avenue, 31st Floor |
| | F. 203-399-5810 | New York, NY 10019 |
| | aswanson@mccarter.com | www.mccarter.com |

September 2, 2022

## BY: FedEx Priority Overnight Mail and E-mail

Whitehead Estates, LLC
Attn: Lamor Whitehead
1809 Albermarle Road, Suite B36
Brooklyn, New York 11226

Mr. Lamor Whitehead a/k/a Lamar Whitehead
1 Sipporta Lane
Paramus, New Jersey 07652
whiteheadlamor@gmail.com

Mr. Lamor Whitehead a/k/a Lamar Whitehead
7 Newhall Court
Willingboro, New Jersey 08046
whiteheadlamor@gmail.com

**Re:**   Breco Equities, LLC ("Lender") Commercial Loan to Lamor Whitehead and Whitehead Estates, LLC (together the "Borrowers") in the original principal amount of $250,000.00 ("Loan")

## NOTICE OF ACCELERATION

Dear Mr. Whitehead and Whitehead Estates, LLC:

As you are aware, this firm represents Lender in connection with the above referenced Loan, which is evidenced by a certain Promissory Note dated December 1, 2021 ("Note"). A copy of the Note is enclosed. The Lender remains the present owner and holder of the Note and is entitled to enforce the same.

Please be advised that Borrowers are in default pursuant to Section (c) of the Note by virtue of, among other things, the following: (1) Borrowers' failure to timely provide Lender with operating statements upon Lender's request, as requested in the letter of August 10, 2022 (copy enclosed); (2) Borrowers failure to apply "any and all available cash" in connection with the Borrowers' ownership of the properties located at 150-180 Earle Street, in Hartford, Connecticut to pay down the accrued interest and principal of the Loan; and (3) Borrowers' distribution of revenues to equity holders prior to fulfilling all obligations of the Loan.  These defaults each constitute an "Event of Default" under the Note.

Consequently, pursuant to its rights set forth in the Note upon an Event of Default, Lender hereby elects to accelerate the maturity of the Loan and the entire amount thereunder is now due and payable. Please contact me for a payoff statement. **Payment in full must be received no later than September 16, 2022, at McCarter & English, LLP, Worldwide Plaza, 825 Eighth Avenue, 31st Floor, New York, New York 10019, Attention: Adam M. Swanson**.

If we do not receive payment by September 16, 2022, Lender intends to invoke its rights and remedies under the Note, including the commencement of a legal proceeding. In accordance with the terms of the Note, Lender shall be entitled to collect all of its costs and expenses incurred in

ME1 41878176v.1

pursuing the remedies provided in the Note, including, but not limited to, reasonable attorneys' fees. These sums may be significant.

Lender reserves all of its rights and remedies. If Borrowers have retained counsel in connection with the above, please have your attorney contact me.

Very truly yours,

Adam M. Swanson

Enc.

CC: Adam Tuttle, Esq. (via email and first class mail, 310 Cedar Ln Suite 3D, Teaneck, NJ 07666, adam.tuttle.esq@gmail.com)

ME1 41878176v.1

# McCarter & English

**Adam M. Swanson**
Partner

T. 203-399-5928
F. 203-399-5810

aswanson@mccarter.com

McCarter & English, LLP

Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019

www.mccarter.com

August 10, 2022

**BY: FedEx Priority Overnight Mail and E-mail**

Whitehead Estates, LLC
Attn: Lamor Whitehead
1809 Albermarle Road, Suite B36
Brooklyn, New York 11226

Mr. Lamor Whitehead a/k/a Lamar Whitehead
1 Sipporta Lane
Paramus, New Jersey 07652
whiteheadlamor@gmail.com

Mr. Lamor Whitehead a/k/a Lamar Whitehead
7 Newhall Court
Willingboro, New Jersey 08046
whiteheadlamor@gmail.com

**Re:**    Breco Equities, LLC ("Lender") Loan to Lamor Whitehead and Whitehead Estates, LLC
(collectively, the "Borrowers"), in the original principal amount of $250,000.00 ("Loan")

## DEMAND FOR OPERATING STATEMENTS

Dear Mr. Whitehead and Whitehead Estates, LLC:

We represent Lender in connection with the above referenced Loan, which is evidenced by a
certain Promissory Note dated December 1, 2021 ("Note"). A copy of the Note is enclosed. The
Lender remains the present owner and holder of the Note and is entitled to enforce the same.

Pursuant to Section (c) of the Note, Lender hereby demands copies of the operating statements
for the properties located at 150-180 Earle Street, Hartford CT, from December 1, 2021 to present
(the "Operating Statements"). Operating statements should be by month, with detailed line items
for income, expenses, and distributions. **The Operating Statements must be received by
August 24, 2022 at McCarter & English, LLP, Worldwide Plaza, 825 Eighth Avenue, 31st Floor,
New York, New York 10019, Attention: Adam M. Swanson**.

Failure to provide the Operative Statements on or before August 24, 2022 will constitute a default
under the Note and may result in acceleration of the entire outstanding amount of the Loan, without
further notice or demand.

ME1 41860618v.2

Case 1:22-cv-08683-NRB    Document 1-1    Filed 10/12/22    Page 48 of 76

August 10, 2022
Page 2

Lender reserves all of its rights and remedies.  If Borrowers have retained counsel in connection with this demand, please have your attorney contact me.


Very truly yours,


Adam M. Swanson

CC: Adam Tuttle, Esq. (via email and first class mail, 310 Cedar Ln Suite 3D, Teaneck, NJ 07666, adam.tuttle.esq@gmail.com)

## PROMISSORY NOTE

$250,000.00                                                    December 1, 2021

FOR VALUE RECEIVED, the undersigned, Lamor Whitehead, an individual residing at **Lamor Whitehead**, an individual residing at 7 Newhall Court, Willinboro NY 08046 and **Whitehead Estates, LLC,** a limited liability company with an address at 1809 Albemarle Road, Brooklyn NY 11226 (each individually and collectively, the "Borrower" as applicable), jointly and severally, promises to pay to the order of **Breco Equities, LLC,** a Delware limited liability company, having an address at c/o FM Capital, LLC, 4100 Hollywood Blvd, Hollywood FL 33021 ("Lender"), the principal sum of Two Hundred and Fifty Thousand 00/100 ($250,000.00) DOLLARS, or so much thereof as may be advanced by Lender to Borrower from time to time (the "Principal Amount"), together with interest on the unpaid Principal Amount thereof computed from the date advanced (the "Commencement Date"), at the rates provided herein, until December 1, 2023 as may be extended by Lender in its sole discretion, (the "Maturity Date"); provided, however, that from and after (i) the Maturity Date or (ii) the date on which the interest rate hereunder is increased to the Default Rate (as hereinafter defined) as provided herein, such additional interest shall be computed at the Default Rate.

As used herein, the term "Default Rate" shall mean a rate of interest of twenty-five percent (25.0%) per annum, but in no event shall the Default Rate be in excess of the Maximum Rate (as hereinafter defined).

If any payment of interest is not paid on or before the due date for such payment, a late charge equal to the lesser of ten percent (10%) of such overdue payment or the maximum amount permitted by applicable law shall automatically become due to the holder of this promissory note (as may be amended, restated or modified from time to time, the "Note"), subject, however, to the limitation that late charges may be assessed only once on each overdue payment. Said late charges do not constitute interest and shall constitute compensation to the holder of this Note for collection and administration costs incurred hereunder. In addition, if any payment of interest together with said late charge is not paid on or before the date that is fifteen (15) days after the due date for such payment, or if the Principal Amount is not paid on or before the Maturity Date, the rate of interest per annum on all amounts outstanding shall increase to the Default Rate and such rate increase shall be effective retroactively as of the date from which the interest component of such overdue payment began to accrue and shall remain in force and effect for so long as such default shall continue. This paragraph shall not be construed as an agreement or privilege to extend the due date of any payment, nor as a waiver of any other right or remedy accruing to the holder of this Note by reason of any default.

Principal and interest hereunder shall be payable as follows:

(a)     Interest only at the rate per annum equal to eight (8%) percent on the Principal Amount outstanding hereof shall accrue from the Commencement Date through and including the Maturity Date.

(b)     All principal, interest and other sums due hereunder shall be due and payable in full on the Maturity Date.

(c)    Until all obligations hereunder are paid in full, Borrower agrees to use any and all available cash from its ownership in the properties located at 150-180 Earle Street, Hartford CT to pay down accrued interest and principal. Borrower agrees that it will not make any distributions to equity holders until all obligations hereunder are paid in full. Borrower agrees to provide Lender with operating statements promptly upon request.

Each payment hereunder shall be credited first to Lender's collection expenses, next to late charges, next to unpaid interest, and the balance, if any, to the reduction of the Principal Amount. The interest on this Note shall be calculated on the basis of actual days/360.

This Note may be prepaid in whole or in part at any time.

Except as expressly provided herein, Borrower shall not be entitled, by virtue of any prepayment or otherwise, to a refund of interest, any other fees, points, charges and the like paid by Borrower to Lender in connection with the loan hereunder (the "Loan") and for fees and expenses incurred by Lender in making the Loan, all of which payments shall be retained by Lender from and after the date each such payment is made hereunder.

Borrower and each surety, endorser and guarantor hereof hereby waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, demand for payment, protest, notice of protest and notice of dishonor, to the extent permitted by law. Borrower further waives trial by jury. No extension of time for payment of this Note or any installment hereof, no alteration, amendment or waiver of any provision of this Note and no release or substitution of any collateral securing Borrower's obligations hereunder shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower under this Note.

Any forbearance by the holder of this Note in exercising any right or remedy hereunder or under any other agreement or instrument in connection with the Loan or otherwise afforded by applicable law, shall not be a waiver or preclude the exercise of any right or remedy by the holder of this Note. The acceptance by the holder of this Note of payment of any sum payable hereunder after the due date of such payment shall not be a waiver of the right of the holder of this Note to require prompt payment when due of all other sums payable hereunder or to declare a default for failure to make prompt payment.

If this Note is placed in the hands of an attorney for collection, Borrower shall pay all costs incurred and reasonable attorneys' fees for legal services in the collection effort, whether or not suit be brought.

At the election of the holder of this Note, all payments due hereunder may be accelerated, and this Note shall become immediately due and payable without notice or demand, upon the occurrence of any of the following events (each an "Event of Default"): (1) Borrower fails to pay on or before the date due, any amount payable hereunder; (2) Borrower fails to perform or observe any other term or provision of this Note with respect to payment; (3) Borrower fails to perform or observe any other term or provision of this Note. In addition to the rights and remedies provided herein, the holder of this Note may exercise any other right or remedy in any other document, instrument or agreement evidencing, securing or otherwise relating to the indebtedness evidenced

hereby in accordance with the terms thereof, or under applicable law, all of which rights and remedies shall be cumulative.

If this Note is transferred in any manner, the right, option or other provisions herein shall apply with equal effect in favor of any subsequent holder hereof.

Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Borrower under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Borrower stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Borrower and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Borrower.

By its acceptance of Lender's funds and execution of this Note, Borrower acknowledges, agrees and confirms that it has no defense, offset or counterclaim for any occurrence in relation to this Loan.

All payments of principal and interest hereunder are payable in lawful money of the United States of America and shall be made by wire transfer to the account of Lender pursuant to wiring instructions to be provided to Borrower at Closing or to such other accounts as may be instructed by Lender.

In the event that an action to enforce this Note results in the entry of a judgment against the Borrower, interest on the judgment shall continue to accrue at the Default Rate through the date of satisfaction of the judgment debt in full, and not at the statutory post-judgment rate of interest. Borrower waives any right and/or claim to have the post-judgment interest accrue at the statutory rate.

This Note shall be binding on the parties hereto and their respective heirs, legal representatives, executors, successors and assigns.

This Note shall be construed without any regard to any presumption or rule requiring construction against the party causing such instrument or any portion thereof to be drafted.

This Note shall be governed by the laws of the State of New York without regard to choice of law consideration. Borrower hereby irrevocably consents to the jurisdiction of the courts of the State of New York and of any federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note may not be changed or terminated orally.

A determination that any portion of this Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and any determination that the application of any provision of this Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision to the extent legally permissible and otherwise as it may apply to other persons or circumstances.

Notwithstanding anything contained herein to the contrary, if there is more than one Borrower, each Borrower shall be jointly and severally liable for a breach of any and all covenants, representations, warranties, obligations and liabilities under this Note.

**JURY TRIAL WAIVER. BORROWER AGREES THAT ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT BY BORROWER OR THE HOLDER OF THIS NOTE ON OR WITH RESPECT TO THIS NOTE OR THE DEALINGS OF THE PARTIES WITH RESPECT HERETO OR THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. BORROWER AND LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION OR PROCEEDING. BORROWER ACKNOWLEDGES AND AGREES THAT AS OF THE DATE HEREOF THERE ARE NO DEFENSES OR OFFSETS TO ANY AMOUNTS DUE IN CONNECTION WITH THE LOAN. FURTHER, BORROWER WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER, IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL OR OTHER DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. BORROWER ACKNOWLEDGES AND AGREES THAT THIS PARAGRAPH IS A SPECIFIC AND MATERIAL ASPECT OF THIS NOTE AND THAT LENDER WOULD NOT EXTEND CREDIT TO BORROWER IF THE WAIVERS SET FORTH IN THIS PARAGRAPH WERE NOT A PART OF THIS NOTE.**

[Remainder of this page intentionally left blank.]

IN WITNESS WHEREOF, the undersigned has executed this Note on the date set forth above.

**BORROWER**:

By:

Name: Lamor Whitehead

**Whitehead Estates, LLC**

By:

Name: Lamor Whitehead

Title: Authorized Signatory

STATE OF New Jersey )
                                           ) ss.:
COUNTY OF Bergen )

On the 9th day of December in the year 2021 before me, the undersigned, a Notary Public in and for said State, personally appeared **Lamor Whitehead**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Adam S. Tuttle, Esq.

310 Cedar Lane, Suite 3D

Teaneck, NJ 07666

# EXHIBIT D

# BRECO EQUITIES LLC

September 2, 2022

**LOAN PAYOFF**

Borrower:          Lamor Whitehead

Loan ID:          ███████████

When remitting funds, please use our loan number to ensure proper posting and provide us with the borrower's forwarding address. Funds received in this office after 12:00 noon will be processed on the next business day, with interest charged to that date.

All payoff figures are subject to clearance of funds in transit. The payoff is subject to final audit when presented. Any overpayment or refunds will be mailed directly to the borrower. To ensure proper release, please be sure to file release documentation with the title company.

### Projected Payoff Date 9/16/2022

| | |
|---|---|
| Principal Balance | $250,000.00 |
| Interest (12/1-9/16) | $15,888.89 |
| Default Rate | $0.00 |
| Prepayment Interest Penalty | $0.00 |
| Interest Reserve | $0.00 |
| Processing Fee | $300.00 |
| **Total Payoff** | **$265,888.89** |

This notice expires on 9/16/2022, at which time you are instructed to contact our office for additional instructions.

**PLEASE CALL THE NUMBER LISTED BELOW TO UPDATE FIGURES PRIOR TO REMITTING FUNDS AS THEY ARE SUBJECT TO CHANGE WITHOUT NOTICE.**

Breco Equities, LLC
2329 Nostrand Avenue, 3rd Floor
Brooklyn, NY 11210
718-377-7900
718-906-5035 (fax)

# BRECO EQUITIES LLC

<u>Wire Instructions for BRECO EQUITIES, LLC</u>

Bank Name:   Citibank NA Branch #811
       1871 Nostrand Avenue
       Brooklyn, NY11226

Account Name:   Breco Equities, LLC
       2329 Nostrand Av
       Brooklyn, NY 11210

ABA Routing #:   ███████
Account #:     ███████

UCS-840
(rev. 02/01/2022)

# REQUEST FOR JUDICIAL INTERVENTION

## Supreme COURT, COUNTY OF New York

Index No: _____    Date Index Issued: _____

| | **For Court Use Only:** |
|---|---|
| | **IAS Entry Date** |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

BRECO EQUITIES, LLC

**Judge Assigned**

Plaintiff(s)/Petitioner(s)

-against-

LAMOR WHITEHEAD, WHITEHEAD ESTATES, LLC

**RJI Filed Date**

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:**    Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**TORTS**
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration    [see **NOTE** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify): ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**MATRIMONIAL**
- ☐ Contested
  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential ☐ Commercial
  Property Address: _____
  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- ☐ Partition
  **NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.
- ☐ Tax Certiorari (specify):    Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution    [see **NOTE** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☒ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ☒ Notice of Motion    Relief Requested: _____    Return Date: _____
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

1 of 2

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance Carriers** For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: BRECO EQUITIES, LLC<br><br>Role(s): Plaintiff/Petitioner | ADAM SWANSON, McCarter & English, One Canterbury Green 201 Broad Street, Stamford, CT 06901, 203-399-5928, aswanson@mccarter.com | ☐ YES  ☒ NO | |
| ☒ | Name: WHITEHEAD, LAMOR<br><br>Role(s): Defendant/Respondent | 7 Newhall Court, Willingboro, NJ 08046 | ☐ YES  ☒ NO | |
| ☒ | Name: WHITEHEAD ESTATES, LLC<br><br>Role(s): Defendant/Respondent | 1809 Albermarle Road, Ste. B36, Brooklyn, NY 11226 | ☐ YES  ☒ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _09/23/2022_

_____          _____
                                                    ADAM MICHAEL SWANSON
                                                              Signature

_____4737821_____          _____
Attorney Registration Number          ADAM MICHAEL SWANSON
                                                              Print Name

*This form was generated by NYSCEF*

Case 1:22-cv-08683-NRB   Document 1-1   Filed 10/12/22   Page 59 of 76

**Attorney:**
ADAM M. SWANSON
MCCARTER & ENGLISH, LLP
825 EIGHTH AVENUE 31ST FLOOR NEW YORK, NY
10019


598543

**Index / case #: 653499-2022**

## AFFIDAVIT OF SERVICE

SUPREME COURT OF THE STATE OF NEW YORK  COUNTY OF NEW YORK

BRECO EQUITIES, LLC

*Plaintiff(s)*

*vs*

LAMOR WHITEHEAD, ET AL

*Defendant(s)*

STATE OF NEW YORK, COUNTY OF KINGS, SS.:

**ELIJAH WHITE,** being sworn says: Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.
On **10/1/22,** at **7:07 PM** at: **1809 ALBERMARLE ROAD SUITE B36 , BROOKLYN, NY 11226**
Deponent served the within **NOTICE OF ELECTRONIC FILING, SUMMONS, NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU COMPLAINT, MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT, AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF A COMPLAINT, EXHIBITS, REQUEST FOR JUDICIAL INTERVENTION**
On which were set forth the Index No., herein, and date of filing
On: **WHITEHEAD ESTATES, LLC ATTN: LAMOR WHITEHEAD,**
(herein after called the recipient) therein named.

| | | |
|---|---|---|
| ☐ INDIVIDUAL | By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein. | |
| ☐ SUITABLE AGE PERSON | By delivering thereat a true copy of each to () a person of suitable age and discretion. Said premises is recipient's: [] actual place of business / employment  [] dwelling house (usual place of abode) within the state. | |
| ☐ AFFIXING TO DOOR | By affixing a true copy of each to the door of said premises which is recipients   [] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having visited there | |
| ☒ Corporation or Partnership | By delivering thereat a true copy of each to JOHN DOE personally. Deponent knew said corporation/partnership so served to be the corporation/partnership described in said aforementioned document as said recipient and knew said individual to be Authorized thereof. | |
| ☐ MAILING | Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipients last known [] Actual Place of Residence [X] Actual Place of Business at 1809 ALBERMARLE ROAD SUITE B36 , BROOKLYN, NY 11226 and deposited the envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant. | |
| ☒ DESCRIPTION | Sex: Male          Color of skin: Black          Color of hair: BALDING          Glasses: Age: 55-60          Height: 5ft4in-5ft8in          Weight: Over 200 Lbs. Other Identifying Features: | |
| ☐ MILITARY SERVICE | I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. | |

☐ **Subpoena Fee Tendered in the amount of**

☒ As per John Doe, refused name however is authorized to accept and will make sure Whitehead receives it.

Sworn to before me on 10/3/22



TAMARA TOWSHIN ALAM
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01AL6369961
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JANUARY 18, 2026

**ELIJAH WHITE**
**2093436-DCA**
SLS Process Serving Company, LLC, 90 State Street, Albany, NY
12207 2094823-DCA

**Work Order No. 598543**

File No: 653499-2022

1 of 1

**Attorney:**
ADAM M. SWANSON
MCCARTER & ENGLISH, LLP
825 EIGHTH AVENUE 31ST FLOOR
NEW YORK NY 10019

5 9 8 5 4 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC
                    Plaintiff

LAMOR WHITEHEAD, ET AL
                    Defendant

**Index / case #: 653499-2022**

**AFFIDAVIT OF SERVICE**

_MORRIS_ County, State of: _New Jersey_ _Everett Winkler_ _____ being sworn,
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of: _New Jersey_

On _10/3/22_ at _4:30_ am/pm at: 1 SIPPORTA LANE PARAMUS NJ 07652

**Deponent served the within:** See attached Document List

**On which were set forth the Index No., herein, and date of filing**

**On: LAMOR WHITEHEAD**
      **(herein after called the recipient) therein named.**

| | | |
|---|---|---|
| ☐ | Individual | By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein |
| ☐ | Suitable Age person | By delivering thereat a true copy of each to; _____ a person of suitable age and discretion.Said premises is recipients [  ] Actual Place of Residence [  ] Actual Place of Business within the State. |
| ☒ | Affixing to Door | By affixing a true copy of each to the door of said premises which is recipients [☒] Actual Place of Residence [  ] Actual Place of Business, within the State Deponent was unable with due diligence to find recipient or person of suitable age and discretion thereat having called there _____ |
| ☐ | Corporation or Partnership | By delivering thereat a true copy of each to; _____ personally.  Deponent knew said corporation / partnership so served to be the corporation / partnership described in said aforementioned document as said recipient and knew said individual to be _____ thereof. |
| ☒ | Mailing | Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope  properly addressed to recipient at recipients last known [☒] Actual Place of Residence [  ] Actual Place of Business at _1 Sipporta Lane  Paramus NJ 07652_ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.  The envelope bore the legend "personal and confidential" and did not indicateon the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | Description | [  ] Male | [  ] White skin | [  ] Black hair | [  ] 14-20 Yrs | [  ] Under 5' | [  ] Under 100 Lbs |
| | | [  ] Female | [  ] Black skin | [  ] Brown hair | [  ] 21-35 Yrs | [  ] 5'0"-5'3" | [  ] 100-130 Lbs |
| | | | [  ] Yellow skin | [  ] Gray hair | [  ] 36-50 Yrs | [  ] 5'4"-5'8" | [  ] 131-160 Lbs |
| | | | [  ] Brown skin | [  ] Blonde hair | [  ] 51-65 Yrs | [  ] 5'9"-6'0" | [  ] 161-200 Lbs |
| | | | [  ] Red skin | [  ] Red hair | [  ] Over 65 Yrs | [  ] Over 6' | [  ] Over 200 Lbs |
| | | Other Identifying Features _____ | | | | | |

| | | |
|---|---|---|
| ☐ | Military Service | I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| ☐ | Subpoena Fee Tendered in the amount of _____ | |
| ☐ | _____ | |

Sworn to before me on _10/7/22_

_Melissa Giambattista_

(Print name below signature)
_Everett Winkler_

MELISSA GIAMBATTISTA
Notary Public, State of New Jersey
Commission # 0002389514
My Commission Expires 09/17/2024

**File No.   653499-2022**

**Work Order No.   598541**

**Attorney:**
**ADAM M. SWANSON**
MCCARTER & ENGLISH, LLP
825 EIGHTH AVENUE 31ST FLOOR
NEW YORK NY 10019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC
        **Plaintiff**

LAMOR WHITEHEAD, ET AL
        **Defendant**

**Index / case #: 653499-2022**

**AFFIDAVIT OF SERVICE**

---

**Document List:**
**NOTICE OF ELECTRONIC FILING; SUMMONS; NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT; MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT; AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF A COMPLAINT; AFFIDAVIT IN SUPPORT OF PLAINTIFF'S SUMMARY JUDGMENT IN LIEU OF COMPLAINT WITH EXHIBITS AND REQUEST FOR JUDICIAL INTERVENTION**

**File No.    653499-2022**

**Work Order No.    598541**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC,

Plaintiff,

-against-

**SUMMONS**

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

Defendants.

TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to submit to Plaintiff's attorneys your answering papers on this motion within the time provided in the annexed notice of motion. In case of your failure to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the notice of motion.

Pursuant to CPLR 501, basis for the venue designated as New York County in the State of New York is in accordance with your express consent pursuant to the December 1, 2021 promissory note.

Dated: September 22, 2022

McCARTER & ENGLISH, LLP
*Counsel for Plaintiff*

_____s/Adam M. Swanson_____
By:   Adam M. Swanson, Esq.
      Jessie D. Bonaros, Esq.
      Worldwide Plaza
      825 Eighth Avenue, 31st Floor
      New York, New York 10019
      Tel: 212-609-6800

TO:   Lamor Whitehead
      7 Newhall Court
      Willingboro, New Jersey 08046
              and
      1 Sipporta Lane
      Paramus, New Jersey 07652

      Whitehead Estates, LLC
      1809 Albermarle Road, Suite B36
      Brooklyn, New York 11226

1

ME1 42035868v.1

Case 1:22-cv-08683-NRB Document 1-1 Filed 10/12/22 Page 63 of 76



359 LITTLETON ROAD
MORRIS PLAINS, NJ 07950

LAMOR WHITEHEAD
1 SIPPORTA LANE
PARAMUS, NJ 07652

PERSONAL AND
CONFIDENTIAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| BRECO EQUITIES, LLC, | : | **INDEX NO. 653499-2022** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| -against- | : | **AFFIDAVIT IN SUPPORT** |
| | : | **OF POSTING FOR LAMOR** |
| LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC, | : | **WHITEHEAD** |
| | : | |
| **Defendants.** | : | |

STATE OF NEW JERSEY      :
                                              : SS:
COUNTY OF MORRIS         :

I, **EVERETT WINKLER,** am and was on the dates herein mentioned, over the age of 18 years and not a party to the action.  I am employed by DGR Legal, Inc. as a Process Server.

On or about 09/27/2022, I received the following documents for service upon Lamor Whitehead at 1 Sipporta Lane, Paramus, NJ 07652 from the office of DGR Legal, Inc., my employer, to wit:  Notice of Electronic Filing; Summons; Notice of Motion for Summary Judgment in Lieu of Complaint; Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint; Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of a Complaint; Affidavit in Support of Plaintiff's Summary Judgment in Lieu of Complaint with Exhibits and Request for Judicial Intervention.  The venue of this matter is the Supreme Court of the State of New York, County of New York, Index # 653499-2022 and, as such, New York service rules apply.

On 09/27/2022 at 4:35 pm, I made my 1st attempt to serve Lamor Whitehead at the address mentioned above.  There was no answer at the door when I rang the doorbell and knocked on the door.  There was a welcome mat in front of door on the landing with the initial "W" on it.  I did not see any vehicles in the driveway or out front.

On 09/30/2022 at 1:45 pm, I made my 2nd attempt to serve Lamor Whitehead at the address mentioned above.  Again, there was no answer at the door when I rang the doorbell and knocked on the door.  At this time I could see through a front window and noticed that

there were moving boxes stacked up inside the house.  There were no vehicles in the driveway or directly out front.

On 10/03/2022 at 4:30 pm, I made my 3rd attempt to serve Lamor Whitehead at the address mentioned above.  There was no answer at the door when I rang the doorbell and knocked on the door.  Since this is my 3rd attempt, I have been advised that per New York Rule CPLR 308(4), if there is no one home and residency has been established, the service documents may be posted.

As I was posting the documents on the front door, someone started banging on the door from the inside.  My hand was holding the documents to the door when door was yanked open and a hand reached around and grabbed the documents out of my hand, slamming the door and shouting in a very stern and loud voice that if I did not leave, he would release his dogs.  I quickly left the premises after the verbal threats I received as well as the violent nature of the person who removed the documents from my hand as I was posting them

I certify that the foregoing statements made by me are true.   I am aware that if any statements made by me are willfully false, I am subject to punishment.

_____

EVERETT WINKLER

Sworn to and subscribed to
before me this ___7___ day of
___October___ , 2022.

MELISSA GIAMBATTISTA
Notary Public, State of New Jersey
Commission # 0002389514
My Commission Expires 09/17/2024

**Attorney:**
ADAM M. SWANSON
MCCARTER & ENGLISH, LLP
825 EIGHTH AVENUE 31ST FLOOR
NEW YORK NY 10019

5 9 8 5 4 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC
    **Plaintiff**

LAMOR WHITEHEAD, ET AL
    **Defendant**

Index / case #: 653499-2022

**AFFIDAVIT OF SERVICE**

MORRIS County, State of: New Jersey Everett Winkler being sworn,
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of: new Jersey

On 10/3/22 at 4:30 am/pm at: 1 SIPPORTA LANE PARAMUS NJ 07652

**Deponent served the within:** See attached Document List

**On which were set forth the Index No., herein, and date of filing**

**On: WHITEHEAD ESTATES, LLC ATTN: LAMOR WHITEHEAD**
(herein after called the recipient) therein named.

☐ Individual   By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein

☐ Suitable Age person   By delivering thereat a true copy of each to: _____
a person of suitable age and discretion. Said premises is recipients [ ] Actual Place of Residence
        [ ] Actual Place of Business within the State.

☒ Affixing to Door   By affixing a true copy of each to the door of said premises which is recipients [☒] Actual Place of Residence
        [ ] Actual Place of Business, within the State
Deponent was unable with due diligence to find recipient or person of suitable age and discretion thereat having called there _____

☐ Corporation or Partnership   By delivering thereat a true copy of each to: _____
personally. Deponent knew said corporation / partnership so served to be the corporation / partnership described in said aforementioned document as said recipient and knew said individual to be _____ thereof.

☒ Mailing   Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipients last known [☒] Actual Place of Residence [ ] Actual Place of Business
at 1 Sipporta Lane Paramus NJ 07652
and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☐ Description   [ ] Male   [ ] White skin   [ ] Black hair   [ ] Black hair   [ ] 14-20 Yrs   [ ] Under 5'   [ ] Under 100 Lbs
      [ ] Female   [ ] Black skin   [ ] Brown hair   [ ] 21-35 Yrs   [ ] 5'0"-5'3"   [ ] 100-130 Lbs
            [ ] Yellow skin   [ ] Gray hair   [ ] 36-50 Yrs   [ ] 5'4"-5'8"   [ ] 131-160 Lbs
            [ ] Brown skin   [ ] Blonde hair   [ ] 51-65 Yrs   [ ] 5'9"-6'0"   [ ] 161-200 Lbs
            [ ] Red skin   [ ] Red hair   [ ] Over 65 Yrs   [ ] Over 6'   [ ] Over 200 Lbs
      Other Identifying Features _____

☐ Military Service   I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ Subpoena Fee Tendered in the amount of _____

☐ _____

Sworn to before me on 10/7/22

_Melissa Giambattista_

**MELISSA GIAMBATTISTA**
Notary Public, State of New Jersey
Commission # 0002389514
My Commission Expires 09/17/2024

**(Print name below signature)**
Everett Winkler

**File No.**   653499-2022          **Work Order No.**   598542

FILED: NEW YORK COUNTY CLERK 10/10/2022 09:56 AM

NYSCEF DOC. NO. 14

5 9 8 5 4 2

**Attorney:**
ADAM M. SWANSON
MCCARTER & ENGLISH, LLP
825 EIGHTH AVENUE 31ST FLOOR
NEW YORK NY 10019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Index / case #: 653499-2022**

BRECO EQUITIES, LLC
            Plaintiff

**AFFIDAVIT OF SERVICE**

LAMOR WHITEHEAD, ET AL
            Defendant

**Document List:**

**NOTICE OF ELECTRONIC FILING; SUMMONS; NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT; MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT; AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF A COMPLAINT; AFFIDAVIT IN SUPPORT OF PLAINTIFF'S SUMMARY JUDGMENT IN LIEU OF COMPLAINT WITH EXHIBITS AND REQUEST FOR JUDICIAL INTERVENTION**

**File No.    653499-2022**

**Work Order No.    598542**

FILED: NEW YORK COUNTY CLERK 10/10/2022 09:56 AM INDEX NO. 653499/2022
NYSCEF DOC. NO. 14 RECEIVED NYSCEF: 10/10/2022

FILED: NEW YORK COUNTY CLERK 09/23/2022 08:26 AM INDEX NO. 653499/2022 Page 68 of 76
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 09/23/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRECO EQUITIES, LLC,

                                              Plaintiff,

                    -against-                                          **SUMMONS**

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

                                              Defendants.

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to submit to Plaintiff's attorneys your answering papers on this motion within the time provided in the annexed notice of motion. In case of your failure to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the notice of motion.

    Pursuant to CPLR 501, basis for the venue designated as New York County in the State of New York is in accordance with your express consent pursuant to the December 1, 2021 promissory note.

Dated: September 22, 2022                McCARTER & ENGLISH, LLP
                                        *Counsel for Plaintiff*

                                        _____
                                              s/Adam M. Swanson
                                        By:    Adam M. Swanson, Esq.
                                               Jessie D. Bonaros, Esq.
                                               Worldwide Plaza
                                               825 Eighth Avenue, 31st Floor
                                               New York, New York 10019
                                               Tel: 212-609-6800

**TO:**    Lamor Whitehead
           7 Newhall Court
           Willingboro, New Jersey 08046
                    and
           1 Sipporta Lane
           Paramus, New Jersey 07652

           Whitehead Estates, LLC
           1809 Albermarle Road, Suite B36
           Brooklyn, New York 11226

1

ME1 42035868v.1

1359 LITTLETON ROAD
MORRIS PLAINS, NJ 07950

WHITEHEAD ESTATES, LLC
ATTN : LAMOR WHITEHEAD
1 SIPPORTA LANE
PARAMUS, NJ 07652

PERSONAL AND
CONFIDENTIAL

Case 1:22-cv-08683-NRB   Document 1-1   Filed 10/12/22   Page 70 of 76

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BRECO EQUITIES, LLC,                        :        INDEX NO. 653499-2022
                                            :
                         Plaintiff,         :
                                            :
            -against-                       :        AFFIDAVIT IN SUPPORT OF
                                            :        POSTING FOR WHITEHEAD
LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC, :        ESTATES LLC, ATTN: LAMOR
                                            :        WHITEHEAD
                         Defendants.        :

---

STATE OF NEW JERSEY      :
                         : SS:
COUNTY OF MORRIS         :

I, **EVERETT WINKLER**, am and was on the dates herein mentioned, over the age of 18 years and not a party to the action. I am employed by DGR Legal, Inc. as a Process Server.

On or about 09/27/2022, I received the following documents for service upon Whitehead Estates, LLC, Attn: Lamor Whitehead at 1 Sipporta Lane, Paramus, NJ 07652 from the office of DGR Legal, Inc., my employer, to wit: Notice of Electronic Filing; Summons; Notice of Motion for Summary Judgment in Lieu of Complaint; Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint; Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of a Complaint; Affidavit in Support of Plaintiff's Summary Judgment in Lieu of Complaint with Exhibits and Request for Judicial intervention. The venue of this matter is the Supreme Court of the State of New York, County of New York, Index # 653499-2022 and, as such, New York service rules apply.

On 09/27/2022 at 4:35 pm, I made my 1st attempt to serve Whitehead Estates, LLC, Attn: Lamor Whitehead at the address mentioned above. There was no answer at the door when I rang the doorbell and knocked on the door. There was a welcome mat in front of door on the landing with the initial "W" on it. I did not see any vehicles in the driveway or out front.

On 09/30/2022 at 1:45 pm, I made my 2nd attempt to serve Whitehead Estates, LLC, Attn: Lamor Whitehead at the address mentioned above. Again, there was no answer at the door when I rang the doorbell and knocked on the door. At this time I could see through a front

window and noticed that there were moving boxes stacked up inside the house.  There were no vehicles in the driveway or directly out front.

On 10/03/2022 at 4:30 pm, I made my 3rd attempt to serve Whitehead Estates, LLC, Attn: Lamor Whitehead at the address mentioned above.  There was no answer at the door when I rang the doorbell and knocked on the door.  Since this is my 3rd attempt, I have been advised that per New York Rule CPLR 308(4), if there is no one home and residency has been established, the service documents may be posted.

As I was posting the documents on the front door, someone started banging on the door from the inside.  My hand was holding the documents to the door when door was yanked open and a hand reached around and grabbed the documents out of my hand, slamming the door and shouting in a very stern and loud voice that if I not leave, he would release his dogs.  I quickly left the premises after the verbal threats I received as well as the violent nature of the person who removed the documents from my hand as I was posting them

I certify that the foregoing statements made by me are true.  I am aware that if any statements made by me are willfully false, I am subject to punishment.

_____

EVERETT WINKLER

Sworn to and subscribed to
before me this ___7___ day of
__October__ , 2022.

_____

MELISSA GIAMBATTISTA
Notary Public, State of New Jersey
Commission # 0002389514
My Commission Expires 09/17/2024

Attorney:
ADAM M. SWANSON
MCCARTER & ENGLISH, LLP
825 EIGHTH AVENUE 31ST FLOOR
NEW YORK NY 10019

598537

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index / case #: 653499-2022

BRECO EQUITIES, LLC
                    Plaintiff

**AFFIDAVIT OF SERVICE**

LAMOR WHITEHEAD, ET AL
                    Defendant

_Morns_ County, State of: _New Jersey_   _Elizabeth Ann_ being sworn,
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of: _New Jersey_
On _9/28/22_ at _5:25_ am/pm at: _7 NEWHALL COURT WILLINGBORO NJ 08046_

Deponent served the within: NOTICE OF ELECTRONIC FILING; SUMMONS; NOTICE OF MOTION FOR SUMMARY
JUDGMENT IN LIEU COMPLAINT; MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT;
AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF A COMPLAINT; EXHIBITS; REQUEST FOR JUDICIAL INTERVENTION

**On which were set forth the Index No., herein, and date of filing**

On: **LAMOR WHITEHEAD**
    (herein after called the recipient) therein named.

| | | |
|---|---|---|
| [ ] | Individual | By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein |
| [ ] | Suitable Age person | By delivering thereat a true copy of each to; ___ a person of suitable age and discretion. Said premises is recipients [ ] Actual Place of Residence [ ] Actual Place of Business within the State. |
| [ ] | Affixing to Door | By affixing a true copy of each to the door of said premises which is recipients [ ] Actual Place of Residence [ ] Actual Place of Business, within the State Deponent was unable with due diligence to find recipient or person of suitable age and discretion thereat having called there ___ |
| [ ] | Corporation or Partnership | By delivering thereat a true copy of each to; ___ personally.  Deponent knew said corporation / partnership so served to be the corporation / partnership described in said aforementioned document as said recipient and knew said individual to be ___ thereof. |
| [ ] | Mailing | Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope  properly addressed to recipient at recipients last known [ ] Actual Place of Residence [ ] Actual Place of Business at ___ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.  The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant. |

| | | | | | | |
|---|---|---|---|---|---|---|
| [ ] | Description | [ ] Male | [ ] White skin | [ ] Black hair | [ ] 14-20 Yrs | [ ] Under 5' | [ ] Under 100 Lbs |
| | | [ ] Female | [ ] Black skin | [ ] Brown hair | [ ] 21-35 Yrs | [ ] 5'0"-5'3" | [ ] 100-130 Lbs |
| | | | [ ] Yellow skin | [ ] Gray hair | [ ] 36-50 Yrs | [ ] 5'4"-5'8" | [ ] 131-160 Lbs |
| | | | [ ] Brown skin | [ ] Blonde hair | [ ] 51-65 Yrs | [ ] 5'9"-6'0" | [ ] 161-200 Lbs |
| | | | [ ] Red skin | [ ] Red hair | [ ] Over 65 Yrs | [ ] Over 6' | [ ] Over 200 Lbs |

Other Identifying Features ___

[ ] Military Service   I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

[ ] Subpoena Fee Tendered in the amount of ___

[X] _subject does not reside at this address per female occupant_

Sworn to before me on _10/4/22_  _Melissa Giambattista_

_Elizabeth Ann_
(Print name below signature)
_Elizabeth Ann_

MELISSA GIAMBATTISTA
Notary Public, State of New Jersey
Commission # 0002389514
My Commission Expires 09/17/2024

File No.   653499-2022

Work Order No.   598537

1 of 3

FILED: NEW YORK COUNTY CLERK 10/10/2022 09:56 AM
INDEX NO. 653499/2022
FILED: NEW YORK COUNTY CLERK 09/23/2022 08:26 AM
Page 73 of 76   653499/2022
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/10/2022
RECEIVED NYSCEF: 09/23/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BRECO EQUITIES, LLC,

                                    Plaintiff,

          -against-                                         **SUMMONS**

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

                                    Defendants.

---

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to submit to Plaintiff's attorneys your answering papers on this motion within the time provided in the annexed notice of motion. In case of your failure to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the notice of motion.

    Pursuant to CPLR 501, basis for the venue designated as New York County in the State of New York is in accordance with your express consent pursuant to the December 1, 2021 promissory note.

Dated: September 22, 2022          McCARTER & ENGLISH, LLP
                           *Counsel for Plaintiff*

                                s/Adam M. Swanson
                    By:   Adam M. Swanson, Esq.
                          Jessie D. Bonaros, Esq.
                          Worldwide Plaza
                          825 Eighth Avenue, 31st Floor
                          New York, New York 10019
                          Tel: 212-609-6800

**TO:**    Lamor Whitehead
        7 Newhall Court
        Willingboro, New Jersey 08046
            and
        1 Sipporta Lane
        Paramus, New Jersey 07652

        Whitehead Estates, LLC
        1809 Albermarle Road, Suite B36
        Brooklyn, New York 11226

1

ME1 42035868v.1

BRECO EQUITIES, LLC

**,Plaintiff(s)**

**– against –**

LAMOR WHITEHEAD, ET AL

**,Defendant(s)**

PROOF OF DILIGENCE

I, THE UNDERSIGNED AM AND WAS ON THE DATES HEREIN MENTIONED, OVER THE AGE
OF EIGHTEEN YEARS AND NOT A PARTY TO THE ACTION, ATTEMPTED TO SERVE THE
FOLLOWING:

NOTICE OF ELECTRONIC FILING; SUMMONS; NOTICE OF MOTION FOR SUMMARY
JUDGMENT IN LIEU COMPLAINT; MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT;
AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN
LIEU OF A COMPLAINT; EXHIBITS; REQUEST FOR JUDICIAL INTERVENTION

AND THAT AFTER DUE SEARCH, CAREFUL INQUIRY AND DILIGENT ATTEMPTS AT THE

RESIDENCE: 7 NEWHALL COURT
WILLINGBORO NJ 08046

ALTERNATE: UNKNOWN

I HAVE BEEN UNABLE TO MAKE DELIVERY ON ONE OF THE FOLLOWING NAMED:

LAMOR WHITEHEAD

THEREFORE PROCESS IS BEING RETURNED FOR THE FOLLOWING REASONS:

09/28/22 5:25 PM  SUBJECT DOES NOT RESIDE AT THIS ADDRESS, AS
PER CURRENT FEMALE OCCUPANT.
SHE REFUSED TO PROVIDE FURTHER INFORMATION.
SERVER RETURNING THIS W.O. FOR FURTHER REVIEW
RETURNING THIS PORTION OF THE FILE UNSERVED.
SERVICE BEING ATTEMPTED ON WO# 598541 IN
PARAMUS, NJ.

PERSON SERVING: ELIZABETH ARON

DGR Legal, Inc.
1359 Littleton Road, Morris Plains, NJ 07950-3000
**File #** 653499-2022     (973) 403-1700  Fax (973) 403-9222     **Work Order #** 598537

3 of 3

# AFFIDAVIT OF SERVICE

Index # 653499-2022

SUPREME COURT,                                  NEW YORK COUNTY

BRECO RQUITIES. LLC,

                                   Plaintiff

              Against

                                   Defendant

LAMOR WHITEHED, et al,

STATE OF NEW YORK
COUNTY OF ALBANY

**Robert Wells,** being duly sworn, deposes and says that he/she is over the age of eighteen(18) years; that on **9/28/2022** at the office of the Secretary of State, of the State of New York in the City of Albany, New York he/she served the **Summons with Notice of Motion for Summary Judgment in Lieu of Complaint, Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint,** annexed on **WHITEHEAD ESTATES, LLC,**

Defendant in this action, by delivering to and leave with **Nancy Dougherty** an authorized agent in the office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00 dollars. That said service was made pursuant to Section **303,** Limited Liability Company Law.

Deponent further says that he/she knew the person so served **Nancy Dougherty** as aforesaid to be an authorized agent in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

Deponent further states that he/she describes the person actually served as follows:

Sex: Female  Skin Color: White  Hair Color: Brown  Age(approx) 60  Height (approx) 5'1  Weight (approx) 115

Other Identifying Features: Glasses

Sworn to before me, this
9/28/2022                                        Robert Wells

Rosemary Lanni
Notary Public State of New York
Qualified in Albany County
Reg No 4904277
Commission Expires Nov 2, 2025

1 of 2

FILED: NEW YORK COUNTY CLERK 09/23/2022 08:28 AM         Page 76 of 76  INDEX NO. 653499/2022
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 09/23/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BRECO EQUITIES, LLC,

                        Plaintiff,

        -against-                                    **SUMMONS**

LAMOR WHITEHEAD and WHITEHEAD ESTATES, LLC,

                        Defendants.

---

TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to submit to Plaintiff's attorneys your answering papers on this motion within the time provided in the annexed notice of motion. In case of your failure to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the notice of motion.

      Pursuant to CPLR 501, basis for the venue designated as New York County in the State of New York is in accordance with your express consent pursuant to the December 1, 2021 promissory note.

Dated: September 22, 2022            McCARTER & ENGLISH, LLP
                                 *Counsel for Plaintiff*

                               s/Adam M. Swanson
                     By:    Adam M. Swanson, Esq.
                            Jessie D. Bonaros, Esq.
                            Worldwide Plaza
                            825 Eighth Avenue, 31st Floor
                            New York, New York 10019
                            Tel: 212-609-6800

**TO:**    Lamor Whitehead
          7 Newhall Court
          Willingboro, New Jersey 08046
                and
          1 Sipporta Lane
          Paramus, New Jersey 07652

          Whitehead Estates, LLC
          1809 Albermarle Road, Suite B36
          Brooklyn, New York 11226

1

MEI 42035868v.1