UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRECO EQUITIES, LLC,<br><br>                    Plaintiff,<br><br>     -against-<br><br>LAMAR WHITEHEAD and WHITEHEAD ESTATES, LLC<br><br>                    Defendants. | Index No. 1:22-cv-08683-NRB |

**RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, Breco Equities, LLC ("Plaintiff"), by its attorneys, McCarter & English, LLP, submits this statement of undisputed material facts pursuant to Rule 56.1 of the Local Rules of the Southern District of New York.

**PARTIES**

1. Plaintiff is a Delaware limited liability company having an address at c/o FM Capital, LLC, 4100 Hollywood Boulevard, Hollywood, Florida 33021.  Affidavit of David Brecher (the "Brecher Aff."), ¶ 1.

2. Defendants Lamor Whitehead and Whitehead Estates, LLC (together the "Borrowers") are the borrowers under the commercial loan that is the subject of this action. Brecher Aff., ¶ 7.

**STATEMENT OF FACTS**

**A. The Loan**

3. On or about December 1, 2021, Borrowers and Plaintiff entered into a loan in the original principal amount of $250,000.00 (the "Loan"), which is evidenced by a certain Promissory Note dated December 1, 2021 (the "Note").  Brecher Aff., ¶ 8, Ex. A.

1

4. The Note is governed by the law of the State of New York. Ex. A, p. 3. Borrowers irrevocably consented to the jurisdiction of "the courts of the State of New York and of any federal court located in the State in connection with any action or proceeding arising out of or relating to this Note." Id.

5. The Loan, which Borrowers obtained for commercial purposes, was given in connection with Borrowers' renovations of certain properties located at 150-180 Earle Street, Hartford, Connecticut (collectively the "Properties"). Brecher Aff., ¶ 9.

6. Pursuant to the Note, Borrowers unconditionally agreed to full repayment of the Loan, plus interest, on or before December 1, 2023 (the "Maturity Date"), with interest accruing at eight percent (8%) per annum. Ex. A, p. 1. In the event of a default, interest on the Loan would accrue at twenty-five percent (25%) per annum. Id.

7. Borrowers also agreed to: (1) use any and all available money from their ownership of the Properties to pay down the accrued interest and principal of the Loan; (2) not make any distributions to an equity holder, including Borrowers, until all obligations under the Loan were paid in full; and (3) promptly provide Plaintiff with operating statements upon request. Ex. A, p. 2, § (c).

8. The Loan would be in default if an "Event of Default" occurred. Ex. A, pp. 2-3.

9. The Note defines an "Event of Default" as Borrowers' failure to either: (1) pay on or before the date due, any amount payable under the Note; (2) perform or observe any other term or provision of the Note with respect to payment; or (3) perform or observe any other term or provision of the Note. Id.

10. In the event of a default, the Loan's interest rate would increase to twenty-five percent (25%) per annum "through the date of satisfaction of the judgment debt in full … ." Ex. A, pp. 1,3.

11. Upon Borrowers' default Plaintiff may elect to accelerate "all sums due and payable on the Loan without notice or demand." Id., p. 2.

12. If Borrowers failed to make any payment of interest "on or before the due date of such payment," the Note entitles Plaintiff to collect a one-time late charge equal to ten percent (10%) of such overdue payment. Ex. A, p. 2.

13. The Note also obligates Borrowers to "pay all costs incurred and reasonable attorneys' fees for legal services in the collection effort, whether or not suit be brought," if the Loan is referred to an attorney for collection. Id.

**B. Borrowers' Default and the Sums Due Under the Loan**

14. By letter dated August 10, 2022, Plaintiff, through its attorneys, sent Borrowers a letter demanding operating statements ("Operating Statements") for the Properties, running from December 1, 2021 through the date of the letter, no later than August 24, 2022. Brecher Aff., ¶ 21, Ex. B; Affirmation of Adam M. Swanson ("Swanson Aff."), ¶ 4.

15. Borrowers did not provide the Operating Statements. Id., ¶ 5; Brecher Aff., ¶ 22.

16. Borrowers failure to provide the Operating Statements constituted an "Event of Default" under the Note. Ex. A, p. 2, § (c).

17. On September 2, 2022, Plaintiff, through its attorneys, sent Borrowers a letter advising that the Loan was in default because Borrowers, amongst other things, (1) failed to provide Plaintiff with operating statements upon Plaintiff's request, (2) failed to apply "any and all available cash" in connection with the Properties to pay down the accrued interest and principal

3

of the Loan, and (3) distributed revenue to equity holders prior to fulfilling all obligations of the Loan.  Brecher Aff., ¶ 23, Ex. C; Swanson Aff., ¶ 6.

18. The letter also advised Borrowers that Plaintiff had elected to accelerate the Maturity Date of the Loan and demanded Borrowers' payment of all amounts due under the Note no later than September 16, 2022.  Brecher Aff., ¶ 24, Ex. C.

19. Borrowers failed to make the required payment.  Brecher Aff., ¶ 25.

20. As of September 16, 2022, the amount due under the Loan was $265,888.89, inclusive of unpaid interest.  Id., § 26, Ex. D.

21. Pursuant to the terms of the Note, Plaintiff is entitled to collect a one-time late fee equal to ten-percent (10%) of the interest payment Borrowers failed to deliver on September 16, 2022.  Brecher Aff., ¶ 27, Ex. A.

22. Plaintiff is also entitled to collect interest at the default rate of twenty-five percent (25%) per annum from the date upon which Borrowers failed to deliver payment in full through the date upon which Borrowers (eventually) satisfy their debt in full, notwithstanding the entry of a judgment.  Id.

23. Plaintiff is entitled to recover all of its costs and its reasonable attorneys' fees from Borrowers.  Id.

24. As of September 21, 2022, Plaintiff incurred $15,671.50 in reasonable attorneys' fees with regard to its collection of Borrowers' note.  Swanson Aff., ¶ 8, Ex. 1.

## **PROCEDURAL HISTORY**

25. Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, on September 23, 2022 by filing a summons and motion for summary judgment in lieu of a complaint pursuant to CPLR 3213.  Doc. No. 1.

26. Borrowers removed this action to federal court on October 12, 2022.  <u>Id.</u>

Dated: New York, New York,
      December 22, 2022

    McCARTER & ENGLISH, LLP
    *Counsel for Breco Equities, LLC*

    /s/ Timothy Wm. Salter
By:    Timothy W. Salter, Esq.
      Adam M. Swanson, Esq.
      Worldwide Plaza
      825 Eighth Avenue, 31st Floor
      New York, New York 10019
      Tel: 212-609-6800