UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRECO EQUITIES, LLC,<br><br>                                   Plaintiff,<br><br>                    v.<br><br>LAMOR WHITEHEAD and<br>WHITEHEAD ESTATES LLC,<br><br>                                   Defendants. | Civil Action.<br><br>Case No. 1:22-cv-8683-NRB<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S RULE 56.1 STATEMENTS** |

May It Please the Court:

### OBJECTION

Defendants LAMOR WHITEHEAD ("Bishop Whitehead") and WHITEHEAD ESTATES LLC ("Whitehead Estates") (collectively hereinafter referred to as the "Defendants") object to the motion for summary judgment filed by Plaintiff BRECO EQUITIES, LLC ("Plaintiff") because Plaintiff failed to comply with Section 3(F) of this Court's Individual Practices, which provides, in pertinent part, "Any party moving for summary judgment shall provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts Pursuant to Local Rule 56.1." Plaintiff and/or its counsel have failed to provide such a copy herein. Therefore, Plaintiff's motion for summary judgment should be denied for failure to comply with this Court's rules of individual practice. *See, e.g., Eddie v. Scottsdale Insurance Company*, No. 07-CV-3457 (KMK), at *6 n.2 (S.D.N.Y. May 6, 2009) ("the Court denied Plaintiffs' Cross-Motion for Summary Judgment without prejudice for failure to comply with the Court's rules of individual practice."); *SLCD v. Nysed*, 02-CV-0269(JS)(JO), at *24 (E.D.N.Y. Sep. 26, 2006) ("motion for summary judgment . . . DENIED, without prejudice, for failure to comply with this Court's rules"); *Xiao Dong Fu v. Red Rose Nail Salon Inc.*, 15 Civ. 7465 (KPF), at *19 (S.D.N.Y. Mar. 13, 2017) ("motion is denied for failure to comply with the Court's Individual Rules").

1

## DEFENDANTS' RESPONSES TO PLAINTIFF'S RULE 56.1 STATEMENTS

Defendants respectfully submit the following responses to Plaintiff's Rule 56.1 Statements and Defendants' Separate Statement of Undisputed Material facts in opposition to Plaintiff's motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Local Rule 56.1(b), and Section 3(F) of this Court's Individual Practices:

### PARTIES

1. Plaintiff is a Delaware limited liability company having an address at c/o FM Capital, LLC, 4100 Hollywood Boulevard, Hollywood, Florida 33021. Affidavit of David Brecher (the "Brecher Aff."), ¶ 1.

**Defendants' Response**: Defendants agree this fact is undisputed.

2. Defendants Lamor Whitehead and Whitehead Estates, LLC (together the "Borrowers") are the borrowers under the commercial loan that is the subject of this action. Brecher Aff., ¶ 7.

**Defendants' Response**: Defendants agree this fact is undisputed.

### STATEMENT OF FACTS

**A. The Loan**

3. On or about December 1, 2021, Borrowers and Plaintiff entered into a loan in the original principal amount of $250,000.00 (the "Loan"), which is evidenced by a certain Promissory Note dated December 1, 2021 (the "Note"). Brecher Aff., ¶ 8, Ex. A.

**Defendants' Response**: Defendants agree this fact is undisputed.

4. The Note is governed by the law of the State of New York. Ex. A, p. 3. Borrowers irrevocably consented to the jurisdiction of "the courts of the State of New York and of any federal court located in the State in connection with any action or proceeding arising out of or relating to

this Note." Id.

**Defendants' Response**: Defendants agree this fact is undisputed.

   5.  The Loan, which Borrowers obtained for commercial purposes, was given in connection with Borrowers' renovations of certain properties located at 150-180 Earle Street, Hartford, Connecticut (collectively the "Properties"). Brecher Aff., ¶ 9.

**Defendants' Response**: Defendants agree this fact is undisputed.

   6.  Pursuant to the Note, Borrowers unconditionally agreed to full repayment of the Loan, plus interest, on or before December 1, 2023 (the "Maturity Date"), with interest accruing at eight percent (8%) per annum. Ex. A, p. 1. In the event of a default, interest on the Loan would accrue at twenty-five percent (25%) per annum. Id.

**Defendants' Response**: Defendants agree this fact is undisputed.

   7.  Borrowers also agreed to: (1) use any and all available money from their ownership of the Properties to pay down the accrued interest and principal of the Loan; (2) not make any distributions to an equity holder, including Borrowers, until all obligations under the Loan were paid in full; and (3) promptly provide Plaintiff with operating statements upon request. Ex. A, p. 2, § (c).

**Defendants' Response**: Defendants agree this fact is undisputed.

   8.  The Loan would be in default if an "Event of Default" occurred. Ex. A, pp. 2-3.

**Defendants' Response**: Defendants agree this fact is undisputed.

   9.  The Note defines an "Event of Default" as Borrowers' failure to either: (1) pay on or before the date due, any amount payable under the Note; (2) perform or observe any other term or provision of the Note with respect to payment; or (3) perform or observe any other term or

provision of the Note. Id.

**Defendants' Response**: Defendants agree this fact is undisputed.

10. In the event of a default, the Loan's interest rate would increase to twenty-five percent (25%) per annum "through the date of satisfaction of the judgment debt in full … ." Ex. A, pp. 1,3.

**Defendants' Response**: Defendants agree this fact is undisputed.

11. Upon Borrowers' default Plaintiff may elect to accelerate "all sums due and payable on the Loan without notice or demand." Id., p. 2.

**Defendants' Response**: Defendants agree this fact is undisputed.

12. If Borrowers failed to make any payment of interest "on or before the due date of such payment," the Note entitles Plaintiff to collect a one-time late charge equal to ten percent (10%) of such overdue payment. Ex. A, p. 2.

**Defendants' Response**: Defendants agree this fact is undisputed.

13. The Note also obligates Borrowers to "pay all costs incurred and reasonable attorneys' fees for legal services in the collection effort, whether or not suit be brought," if the Loan is referred to an attorney for collection. Id.

**Defendants' Response**: Defendants agree this fact is undisputed.

B. **Borrowers' Default and the Sums Due Under the Loan**

14. By letter dated August 10, 2022, Plaintiff, through its attorneys, sent Borrowers a letter demanding operating statements ("Operating Statements") for the Properties, running from December 1, 2021 through the date of the letter, no later than August 24, 2022. Brecher Aff., ¶ 21, Ex. B; Affirmation of Adam M. Swanson ("Swanson Aff."), ¶ 4.

**Defendants' Response**: Defendants state that this fact is disputed. First, "the materials cited [by Plaintiff] do not establish the absence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). Second, Plaintiff "cannot produce admissible evidence to support the [purported] fact." Fed. R. Civ. P.

3

56(c)(1)(B). Third, Defendants did not receive a letter dated August 10, 2022, from Plaintiff, through its attorneys, demanding operating statements ("Operating Statements") for the Properties, running from December 1, 2021 through the date of the letter, no later than August 24, 2022. Whitehead Affidavit, ¶ 3.

  15. Borrowers did not provide the Operating Statements. Id., ¶ 5; Brecher Aff., ¶ 22.

**Defendants' Response**: Defendants agree this fact is undisputed. There was no request received.

  16. Borrowers failure to provide the Operating Statements constituted an "Event of Default" under the Note. Ex. A, p. 2, § (c).

**Defendants' Response**: Defendants state that this fact is disputed. Defendants did not receive a letter dated August 10, 2022, from Plaintiff, through its attorneys, demanding operating statements ("Operating Statements") for the Properties, running from December 1, 2021 through the date of the letter, no later than August 24, 2022. Whitehead Affidavit, ¶ 3. There is no Event of Default.

  17. On September 2, 2022, Plaintiff, through its attorneys, sent Borrowers a letter advising that the Loan was in default because Borrowers, amongst other things, (1) failed to provide Plaintiff with operating statements upon Plaintiff's request, (2) failed to apply "any and all available cash" in connection with the Properties to pay down the accrued interest and principal of the Loan, and (3) distributed revenue to equity holders prior to fulfilling all obligations of the Loan. Brecher Aff., ¶ 23, Ex. C; Swanson Aff., ¶ 6.

**Defendants' Response**: Defendants state that this fact is disputed. First, "the materials cited [by Plaintiff] do not establish the absence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). Second, Plaintiff "cannot produce admissible evidence to support the [purported] fact." Fed. R. Civ. P. 56(c)(1)(B). Third, Defendants did not receive a letter from Plaintiff dated September 2, 2022. Whitehead Affidavit, ¶ 4.

18. The letter also advised Borrowers that Plaintiff had elected to accelerate the Maturity Date of the Loan and demanded Borrowers' payment of all amounts due under the Note no later than September 16, 2022. Brecher Aff., ¶ 24, Ex. C.

**Defendants' Response**: Defendants state that this fact is disputed. First, "the materials cited [by Plaintiff] do not establish the absence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). Second, Plaintiff "cannot produce admissible evidence to support the [purported] fact." Fed. R. Civ. P. 56(c)(1)(B). Third, Defendants did not receive a letter from Plaintiff dated September 2, 2022. Whitehead Affidavit, ¶ 4.

19.     Borrowers failed to make the required payment. Brecher Aff., ¶ 25.

**Defendants' Response**: Defendants state that this fact is disputed. There was no "required payment" as there was not "Event of Default." Whitehead Affidavit.

20.     As of September 16, 2022, the amount due under the Loan was $265,888.89, inclusive of unpaid interest. Id., § 26, Ex. D.

**Defendants' Response**: Defendants agree this fact is undisputed.

21.     Pursuant to the terms of the Note, Plaintiff is entitled to collect a one-time late fee equal to ten-percent (10%) of the interest payment Borrowers failed to deliver on September 16, 2022. Brecher Aff., ¶ 27, Ex. A.

**Defendants' Response**: Defendants state that this fact is disputed. There was no "required payment" as there was not "Event of Default." Whitehead Affidavit.

22.     Plaintiff is also entitled to collect interest at the default rate of twenty-five percent (25%) per annum from the date upon which Borrowers failed to deliver payment in full through the date upon which Borrowers (eventually) satisfy their debt in full, notwithstanding the entry of a judgment. Id.

**Defendants' Response**: Defendants state that this fact is disputed. There was no "required payment" as there was not "Event of Default." Whitehead Affidavit.

23.     Plaintiff is entitled to recover all of its costs and its reasonable attorneys' fees from Borrowers. Id.

**Defendants' Response**: Defendants state that this fact is disputed. There was no "required payment" as there was not "Event of Default." Whitehead Affidavit.

24.     As of September 21, 2022, Plaintiff incurred $15,671.50 in reasonable attorneys'

fees with regard to its collection of Borrowers' note. Swanson Aff., ¶ 8, Ex. 1.

**Defendants' Response**: Defendants state that this fact is disputed. There was no "required payment" as there was not "Event of Default." Whitehead Affidavit.

## PROCEDURAL HISTORY

25.     Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, on September 23, 2022 by filing a summons and motion for summary judgment in lieu of a complaint pursuant to CPLR 3213.  Doc. No. 1.

**Defendants' Response**: Defendants agree this fact is undisputed.

26. Borrowers removed this action to federal court on October 12, 2022.  <u>Id.</u>

**<u>Defendants' Response</u>**: Defendants agree this fact is undisputed.

2

## DEFENDANTS' SEPARATE STATEMENTS OF UNDISPUTED MATERIAL FACTS

The terms "operating statements" on page 2 and paragraph (c) of the subject promissory note are not defined. [1-1] at p. 33.

Respectfully submitted,

Dated: New York, New York  
       March 3, 2022

s/ Brian L. Ponder  
Brian L. Ponder, Esq.  
BRIAN PONDER LLP  
TRIAL LAWYERS  
745 Fifth Avenue, Suite 500  
New York, New York 10151  
Tel: (646) 450-9461  
Fax: (646) 607-9238  
Email: brian@brianponder.com  
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRECO EQUITIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LAMOR WHITEHEAD and<br>WHITEHEAD ESTATES LLC,<br><br>Defendants. | Civil Action.<br><br>Case No. 1:22-cv-8683<br><br>**CERTIFICATE OF SERVICE** |

I certify that a copy of the foregoing was served upon all parties via CM/ECF.

Respectfully submitted,

Dated: New York, New York
       March 3, 2022

s/ Brian L. Ponder
Brian L. Ponder, Esq.
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (646) 450-9461
Fax: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR DEFENDANTS