UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
BRECO EQUITIES, LLC,

           Plaintiff,

       - against –

LAMOR WHITEHEAD AND WHITEHEAD
ESTATES, LLC,

           Defendants.

------------------------------X

**MEMORANDUM AND ORDER**

22 Civ. 8683 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Presently before the Court is a motion for summary judgment that was filed in New York Supreme Court, New York County in lieu of a complaint pursuant to N.Y. C.P.L.R. 3213 ("CPLR 3213").  The entire dispute rests upon whether defendants Lamor Whitehead and Whitehead Estates, LLC (collectively, "defendants") defaulted on a $250,000 loan (the "Loan") owed to plaintiff Breco Equities, LLC ("plaintiff").  Plaintiff argues that defendants defaulted when they failed to provide the requested operating statements, and therefore plaintiff can accelerate the debt.  Defendants disagree, claiming that they never received the request for operating statements, and even if they had, the term "operating statements" was undefined.

      Because defendants have failed to refute plaintiff's evidence that defendants are in default, there is no genuine issue of

material fact, and thus the Court grants plaintiff's motion for summary judgment.

## BACKGROUND

### I.   Factual Background[1]

On December 1, 2021, Lamor Whitehead and Whitehead Estates, LLC borrowed $250,000 from plaintiff to complete renovations on a commercial property in Connecticut, as evidenced by the Promissory Note that was attached to the initial filing.  Pl. 56.1 ¶¶ 3-4; Affidavit of David Brecher ("Brecher Aff.") Ex. A, ECF No. 1.  The loan had a two-year maturity that simply required defendants to repay the loan by December 1, 2023.  Pl. 56.1 ¶ 6.  Defendants were not required to make payments prior to the maturity date of the loan but had to use any and all money available from the ownership of the properties to pay down the interest and principal of the loan and to restrain from making distributions to equity holders until the loan was fully repaid.  Id. ¶ 7.  Finally, as is relevant here, the loan also required defendants to "provide

---

[1] The following facts are drawn primarily from the parties' Rule 56.1 Statements and responses thereto and documents submitted with each parties' briefings.  See Pl. Rule 56.1 Statement ("Pl. 56.1"), ECF No. 13; Def. Responses to Pl. Rule 56.1 Statements ("Def. 56.1"), ECF No. 18.  Where the Court relies on facts drawn from any of the 56.1 Statements, it has done so because the evidence in the record supports the statements, no rule of evidence bars admission, and the opposing party has not disputed the facts with citations to admissible evidence.

[plaintiff] with operating statements promptly upon request."
Id.; Brecher Aff. Ex. A at 2.

If defendants did not repay the loan by the maturity date or
"fail[ed] to perform or observe any other term or provision of
this Note," then defendants would be in default, and plaintiff had
the right to accelerate the payment of the debt. Pl. 56.1 ¶¶ 9,
11. If the payment was late, plaintiff could also assess a late
fee of 10 percent of the overdue interest and charge a default
rate of interest of 25 percent. Id. ¶¶ 10, 12. Additionally,
defendants were to "pay all costs incurred and reasonable
attorneys' fees for legal services in the collection effort." Id.
¶ 13.

Eight months after initiating the loan, on August 10, 2022,
plaintiff sent defendants a letter via FedEx requesting operating
statements to the addresses listed in the contract for Mr.
Whitehead and Whitehead Estates, LLC. Id. ¶ 14; Brecher Aff. Ex.
B. Defendants, however, argue that they never received the letter.
Def. 56.1 ¶ 14. After no operating statements were provided by
defendants, plaintiff, through its attorneys, sent a second letter
on September 2, 2022 to the same addresses, informing defendants
that the loan was in default and plaintiff would accelerate the
debt to be paid on September 16, 2022. Pl. 56.1 ¶ 17; Brecher

Aff. Ex. C.  Specifically, plaintiff stated that the loan was in default because:  (1) defendants "fail[ed] to timely provide [plaintiff] with operating statements upon [plaintiff's] request, as requested in the letter of August 10, 2022"; (2) defendants "fail[ed] to apply 'any and all available cash' in connection with [defendants'] ownership of the properties . . . to pay down the accrued interest and principal of the Loan"; and (3) defendants "distribut[ed] revenues to equity holders prior to fulfilling all obligations of the Loan."  Brecher Aff. Ex. A; Pl. 56.1 ¶ 17.

As a result, plaintiff claims it is entitled to: (1) the unpaid principal of $250,000; (2) the previously accrued interest of $15,888.89; (3) a one-time late fee equal to ten percent of the past due interest totaling $1,588.89; and (4) attorney's fees totaling $15,671.50.  Pl. Mem. of Law in Support of Pl. Mot. for Summary Judgment in Lieu of Complaint ("Pl. Br."), at 5, ECF No. 1-1.

## II.  Procedural History

Plaintiff initially filed this action to recover a debt on September 22, 2022 in New York Supreme Court, New York County.  See ECF No. 1.  Pursuant to CPLR 3213, plaintiff filed a motion for summary judgment in lieu of a complaint.  Id.  Defendants then promptly removed the action to federal court.  Id.  Upon removal,

-4-

an action under CPLR 3213 becomes a motion for summary judgment. UBS AG, London Branch v. Greka Integrated, Inc., No. 21-1385, 2022 WL 2297904, at *2 (2d Cir. June 27, 2022) (summary order).  As such, plaintiff immediately informed the Court of this procedure and requested we set a briefing schedule.  See ECF No. 7.  A few days later, defendants requested a pre-motion conference in order to file a cross-motion to dismiss plaintiff's motion for summary judgment, raising every Rule 12(b) defense, except lack of subject matter jurisdiction.  See ECF No. 9.  The Court then held a conference on November 9, 2023, in which the parties agreed to pursue settlement, and if that failed, the Court would set a briefing schedule.

Unfortunately, settlement talks were not successful, and after a second conference, plaintiff filed a Local Rule 56.1 statement on December 22, 2022.  See ECF No. 13.  However, defendants did not file their opposition.  It was only after plaintiff wrote to the Court that defendants' deadline had passed, see ECF No. 14, that they sought an extension, see ECF No. 15, eventually filing their opposition and counterstatement of material facts on March 3, 2023.  See ECF Nos. 17, 18.  This opposition did not raise any cross motions.  Finally, on March 29, 2023, plaintiff filed its reply.  See ECF No. 20.

**STANDARD OF REVIEW**

As noted, under CPLR 3213, when "an action is based upon an instrument for the payment of money only," the plaintiff can file a motion for summary judgment "in lieu of a complaint."  N.Y. C.P.L.R. 3213.  However, if the action is subsequently removed, it is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56.  UBS, 2022 WL 2297904, at *2.  Therefore, the Court applies the federal summary judgment standard.

Summary judgment is properly granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 113-14 (2d Cir. 2017) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion," as well as the basis for any absence of material fact in dispute.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Courts must "construe the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its

favor." <u>Gilman v. Marsh & McLennan Cos., Inc.</u>, 826 F.3d 69, 73 (2d Cir. 2016).

If the moving party makes a showing that it is entitled to summary judgment, "[t]hen the onus shifts to the party resisting summary judgment to present evidence sufficient to satisfy every element of the claim." <u>Holcomb v. Iona Coll.</u>, 521 F.3d 130, 137 (2d Cir. 2008). However, a "scintilla of evidence in support of [the non-movant's] position will be insufficient." <u>Anderson</u>, 477 U.S. at 252. Instead, "there must be evidence on which a jury could reasonably find for the non-movant." <u>Id.</u>

## DISCUSSION

Under New York law, "to make out a <u>prima facie</u> case for recovery on a promissory note 'a plaintiff must simply show proof of a note and failure to make payment.'" <u>Tabatznick v. Turner</u>, No. 14-cv-8135 (JFK), 2016 WL 1267792, at *5 (S.D.N.Y. Mar. 30, 2016) (quoting <u>Camofi Master LDC v. Coll. P'ship, Inc.</u>, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006)). The burden then shifts to the payee "to prove the existence of a defense against the note creating a triable issue of fact." <u>Beaufort Cap. Partners LLC v. Oxysure Sys., Inc.</u>, No. 16-cv-5176 (JPO), 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017).

Plaintiff has clearly made a prima facie case. First, plaintiff has attached the promissory note at issue to its initial filing. Brecher Aff. Ex. A. Plaintiff then presented evidence that it requested operating statements from defendants on August 10, 2022, that defendants did not provide the operating statements as is required by the Loan, and that plaintiff subsequently informed defendants that they were in default and demanded the accelerated payment. Pl. 56.1 ¶¶ 14, 17.

Defendants do not dispute the existence of the promissory note or that they failed to make the accelerated payment. Def. 56.1 ¶¶ 13, 19. Instead, defendants raise two defenses: (1) that they did not receive the letter requesting operating statements; and (2) even if they had, the term "operating statements" is undefined. Def. Mem. of Law in Opp. to Pl. Mot. for Summary Judgment ("Def. Opp.") at 1, ECF No. 17. Defendants argue that they should be entitled to discovery regarding the meaning of the term "operating statements."[2] Id. at 5. Both arguments do not pass even cursory analysis.

---

[2] Defendants also use a considerable portion of their reply brief to argue that the motion should be denied because plaintiff failed to send a Microsoft Word version of their Local Rule 56.1 statement to defendants. Id. at 3-4. It is ironic that defendants chose to adopt this ticky-tack strategy given that they themselves did not follow procedure when they failed to submit a timely reply to the motion. Nevertheless, as the cases cited by defendants reveal, when a party fails to comply with individual practices, courts may simply deny the motion without prejudice. See e.g., Eddie v. Scottsdale Ins. Co., No. 07-cv-3457 (KMK), 2009 WL 1321648, at *3 n.2 (S.D.N.Y. May 6, 2009). Thus, if the

First, defendants' simple denial of receipt of the letters is insufficient to generate an issue of material fact. Plaintiff has presented evidence that the letters were sent by FedEx to the exact addresses included in the Promissory Note. Mailing creates a presumption of receipt, and mere denial does not manufacture an issue of fact. <u>Leon v. Murphy</u>, 988 F.2d 303, 309 (2d Cir. 1993); <u>184 Irving Realty Corp. v. United Nat'l Specialty Ins. Co.</u>, No. 05-cv-1943 (BMC)(JMA), 2007 U.S. Dist. LEXIS 52816, at *2 (E.D.N.Y. Jul. 22, 2007). Further as part of its reply papers, plaintiff presented the tracking confirmations for the August 10, 2022 and September 2, 2022 letters, which show that the letters were delivered to the listed addresses, and some even include photos of the delivery. <u>See</u> Declaration of Timothy Salter, Exs. 1, 2, ECF No. 20-1. Defendants do not in any way challenge the validity of these addresses. Therefore, their conclusory denial does not create an issue of material fact.

Defendants' second defense fares no better. Defendants argue that even if they had received the request for "operating statements," that term is undefined and ambiguous. Def. Opp. at 4. However, even assuming <u>arguendo</u> that the definition of "operating

---

Court granted the motion on this basis, it would only result in plaintiff refiling its motion. This would be a total waste of the resources of the Court and the parties.

statements" is somehow unclear, this argument makes no substantive difference.[3]   The issue is not that the documents provided by defendants were not in compliance with plaintiff's request, the issue is that defendants did not provide <u>any</u> documents whatsoever.[4] The contract explicitly states that defendants are to "provide [plaintiff] with operating statements promptly upon request." Brecher Aff. Ex. A.   Thus, under any definition of operating statements, defendants have failed to comply.   For this reason, the Court does not understand how any additional discovery could improve defendants' case.[5]

---

[3] The Court is not convinced that the term "operating statements" is ambiguous in the first instance.  While it may not be a defined term in the contract, the plain meaning is clear.  As plaintiff cites, vocabulary.com defines "operating statement" as "a financial statement that gives operating results for a specific period."  Pl. Mem. in Further Support of Pl. Mot. at 5, ECF No. 20.  Defendants took out a commercial loan to renovate an apartment complex owned by Defendant Whitehead Estates, LLC.   A layman, let alone a commercial entity, should understand what is meant by "operating statements."   Nor do the defendants even suggest that they asked for clarity and were rebuffed.

[4] Defendants not only concede that they did not provide any documents in response, but the failure to provide any operating statements is also essential to defendants' first argument that they never received the August 10, 2022 request.

[5] Defendants also contend that they should be granted a continuance of the motion in order to conduct additional discovery.  Def. Opp. at 5.  Rule 56(d) permits the Court to "allow time to obtain affidavits or declarations or take discovery" if "a nonmovant shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).   To justify its request, defendants only state that "[d]iscovery is crucial because it will show that the purported default terms of 'operating statements' are undefined and, thus, cannot support an event of default for the purposes of Plaintiff's claim."  Def. Opp. at 5.  As defendants have already advanced this argument, it is clear that no discovery is needed as contemplated by Rule 56(d).

Both arguments advanced by defendants fail to create a genuine issue of fact. Therefore, plaintiff is entitled to summary judgment.

## CONCLUSION

Accordingly, for the reasons stated above, plaintiff's motion for summary judgment is granted. As such, the Clerk of the Court is respectfully directed to close the motion pending at ECF No. 13 and enter judgment for plaintiff in the amount of $283,149.28.[6] Interest on only the $250,000 unpaid principal should accrue at the rate of 8 percent per annum between September 16, 2022 and the date of this judgment. Post-judgment interest shall accrue at the contractual default rate of 25 percent per annum. Upon entry of judgment, the Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

Dated:    New York, New York
          August 11, 2023

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[6] The judgment includes: the unpaid principal of $250,000; the interest accrued until September 16, 2022 of $15,888.89; the one time late fee of $1,588.89; and attorney fees of $15,671.50.

-11-